TOWN of ESSEX *vs.* WILLIAM A. PRENTISS.

JOHN HOLMES *vs* TOWN of ESSEX.

1.—A writ returnable before a Justice of the Peace cannot be served by a Sheriff or his deputy on a town of which the Sheriff is a rateable inhabitant.

2.—If so served, the correction is by abatement, and not by *Audita Querela.*

These were two cases brought before this court, in different ways, for the same ground of objection. The original writs were against the town of Essex, directed to the sheriff of Chittenden county or his deputy, to serve and return, and returnable before a justice of the peace. They were served by the deputy of sheriff Butler, the said Butler being a rateable inhabitant of said town of Essex. In the first above case, the town suffered default; and after execution issued, brought *audita querela:* and in the other case, the town pleaded abatement, which was specially demurred to. Judgment in the first case having been rendered in the county court, sustaining the *audita querela,* and in the other case in favor of the plea in abatement, the causes came, by exceptions, to this court.

*Maeck, for the town of Essex,* Insisted, 1st, The writs being served by the deputy of the sheriff who was a rated inhabitant of the town, is the same as if served by the sheriff, as he derives all his authority from, and stands in the place of the sheriff, and by statute (p. 200) all his acts, doings and returns are to be taken and deemed as the acts of the sheriff.

CHITTENDEN,
January,
1834.

Town of Essex
vs.
Prentiss.

Holmes
vs.
Town of Essex.

2d, Whether at common law a sheriff could serve a precept in a case in which he was a party, does not appear to be early settled. In the year books it is laid down he could serve, though interested. Dalton denies this right.— Dalton, Sheriff, p. 96.

In *Weston* vs. *Coulston*, 1 Wm. Bla. 506, this was settled. The *latitat* was served by the sheriff where he was a party, and the proceedings were set aside as not only erroneous but wholly irregular.

3d, But our statute (p. 64) by express words has denied the sheriff the power. If the sheriff and constable are interested, or parties, the service may be made by the high bailiff or any disinterested constable of the county, who shall be therein named. Butler comes within both the disqualifications. He was both a party and interested.

4th, He was a *party*, though not mentioned by name on the record. The town is sued by its corporate name for convenience, yet the property of the individual inhabitants is subject to being taken in execution. The courts will look behind the corporate name, and ascertain who are the inhabitants, who are the real parties.—2 Dane's Abr., 686, *U. S. Bank* vs. *Devaux*, 5 Cranch, 63.—*Merchants' Bank* vs. *Cook*, 4 Pick. 405.—*Hooker* vs. *Kennebach*, 7 Mass.—2 Mass. 544.—*Bennington* vs. *McGennis*, D. Chip. R. 44.

5th, He was *interested*. Whoever is to lose or gain by a suit, is in *interest:* therefore, every rated inhabitant is interested in a suit against his town. The *amount* of interest is immaterial.—If it was, the court would settle every question of interest by judicial legislation. The law has fixed no particular amount, and therefore, where there is any interest, he is within the law.—Bray. R. 18.

6th, Decisions of other states on analogous statutes sustain the same principle.—*Brewer* vs. *Gloucester*, 14 Mass. R. 216.—*Sutton* vs. *Cole*, 8 do. 96.

7th, From the statute, it is manifest that the legislature intended to prohibit the sheriff from acting where he is a party, or interested. Can the court decide he may act where he is both a party and interested, unless he is the sole party, or interested beyond a certain amount?—13 Mass. 324, 340, 343.

.8th, The statute lays much stress on the officer being *disinterested.* If the sheriff and constable are interested, then the process is to be served by a high bailiff or a *disinterested* constable. If no officer is to be had, the magistrate may appoint a person, who is to be *indifferent.*

9th, Could Butler have been compelled to receive and levy the execution? for a sheriff's duties are compulsory: or could his deputy have levied the execution on Butler's property?

10th, *Audita querela* is the proper and and only mode of redress.—Roll. Abr. 308.

1. The town had no day in court to make defence. They had no *legal notice*—5 Mass. R. 260, 326.—10 Mass. R. 343.—14 Mass. R. 132.—6 Mass. R. 399.—1 Aik. Rep. 107.

2. The service of an officer, without authority, like a judgment of court without jurisdiction, is void.—Story's Pleadings, 25.

*B. H. & D. A. Smalley,* contra.

1. The first question is, Were the original writs legally served? On this point it is insisted in favor of the service, that the statute of 1797, sec. 24, (p. 63) relates only to writs returnable before the county and supreme courts.

2. The act regulating the *justice* jurisdiction, sec. 9, (p. 126) directs all writs to the sheriff, his deputy, or the constable, and has no restriction as to interest, leaving that as at common law. By common law he might serve, though in interest, if he was not a party.

3. The sheriff was not a party. The suit against a town, as a corporation, is against an artificial person. This cannot be considered a suit, at the same time against each individual corporator as a natural person. If so, each individual corporator must have the right to appear and defend. This could not be consistent with the law, that a corporation must act under its seal, or by its authorized agents.

4. The individual inhabitants would not be concluded by the judgment against the town, of any fact therein found, should the same arise in their cases.

5. The cases in Massachusetts, deciding the sheriff to

*CHITTENDEN, January, 1834.*

Town of Essex
*vs.*
Prentiss.

Holmes
*vs.*
Town of Essex.

CHITTENDEN,
January,
1834.

Town of Essex
vs.
Prentiss.

Holmes
vs.
Town of Essex.

be *a party* in a suit against his county, cannot be law here ; for if so, no suit could ever be had against a county, for want of court or officer, if the plaintiff there resided.

6. Other decisions in Massachusetts are hardly reconcilable with their own doctrine.—14 Mass. R. 216.—*Merchants' Bank* vs. *Cook*, 4 Pick. R. 415. Besides, there the suit is against the inhabitants, and the execution issues against their property or bodies. Here it is otherwise.

7. If the corporators are individually *parties*, a man, by removing out of, or into the town, might cease to be, or might become *party* to a suit even after judgment.

8. In Connecticut, sheriffs so may serve process, where the town is a party.—1 Swift's Dig. 589.—1 Root, 175.

9. If the service was improper, it is only matter in abatement, and not ground for *audita querela*. Matter for abatement is waived by not being pleaded, and cannot be ground for arrest or assigned for error.—Gould's Plea. 277.—6 Term Rep. 766.—7 Mass. Rep. 209.

10. The service was by a public officer, and the whole regular on the face of the proceeding. If the officer was disqualified by matter out of the record, it was only to appear by plea in abatement.

11. *Audita querela*, at common law, is the remedy where the defendant has a good defence which he has had no opportunity to plead.—*Dodge* vs. *Hubbell*, 1 Vt. Rep. 496. This has been here extended to where defendant has had no notice.—*Marvin* vs. *Wilkins*, 1 Aik. Rep. 107. But this was before the statute of 1829.

12. Not every case that is irregular or illegal is to be considered void. A party or witness arrested while attending court, though discharged out of custody, is still so notified as to be bound by a judgment.—*Newton* vs. *Adams & Shepherd*, 4 Vt. R. 443.

13. Since the decision of *Dodge* vs. *Hubbell*, and since the act of 1829 , the court will not extend the remedy of *audita querela*.

14. In relation to the plea in abatement in the case of Holmes, it is insisted the same was defective.

1st, It has neither full nor half defence, and does not state that the defendant appears.—2 Sand Rep. 208, 209. 1 Chitty, 414, 415.—2 do. 446.—Willis' Rep. 40.—8 T. Rep. 631.

2d, It is incorrect to *commence* praying judgment of the writ when the matter in abatement does not appear on the writ.—2 Sand. Rep. 209, Note 1.—1 Comyn, 90.—1 Chitty, 450.

3d, The plea should have given plaintiff a better writ.— *King* vs. *Johnson*, 6 East. 600.—*Mastyer* vs. *Fabrigus*, 1 Cowp. 172.—Yelverton Rep. 112.—10 Mass. 345.

CRITTENDEN, January, 1834.

Town of Essex vs. Prentiss.

Holmes vs. Town of Essex.

The opinion of the court was pronounced by

COLLAMER, J.—The first inquiry is, had the sheriff legal power to serve these original writs? This is a question arising on the construction of our statutes, and little aid can be derived from abroad. By the judiciary act, (p. 64,) writs, where the sheriff and constable are parties or interested, are to be directed to, and served by, the high bailiff or a disinterested constable therein named; and it is insisted on the one side that the sheriff and constable were both parties or interested. Though not prepared to subscribe to those decisions in Massachusetts which hold the corporators individually *parties* to those suits against the corporations on which the property of the individuals is liable to be taken, we cannot but see that the rated inhabitants of a town are *interested* in the suits against the town; and that this is a pecuniary interest, in the event of the suit. It is such an interest as excludes them as witnesses at common law. We cannot compute the amount of interest, but can only say, if *interested*, the sheriff could not serve the writ. It would clearly have been improper for such sheriff or constable to have made up the jury before the justice. There is no difference in the interest which should have excluded them in the one and not in the other case. Such a distinction was attempted in the case of *Weston* vs. *Coulston*, (1 Wm. Bla. Rep. 506,) and overruled by the court. It is insisted, however, that these were justice writs, and that the act defining powers of justices, sec. 9, (p. 126–7,) gives power to justices to direct their precepts to the sheriff or constable in all cases, and that this is not qualified by the judiciary act which is confined to the county and supreme courts. From such a view, it would follow that the sheriff and constable must serve *all justices' writs whatever.* This view cannot be sustained. Wherever a general pow-

CHITTENDEN,
January,
1834.

Town of Essex
vs.
Prentiss.

Holmes
vs.
Town of Essex.

er is given to a justice of the peace, its exercise is to be considered as directed and qualified by all the provisions of the judiciary act, which are not in their nature peculiar to the powers and structure of the county and supreme court, as the act, in its very title, is not only to establish a county and supreme court, but " *to regulate judicial pro-ceedings.*" Hence, though provided only in the judiciary act, as it is commonly called, the justice's proceedings must be in the English language; his executions must be given out in thirty days to charge property or bail; an action may be maintained before him against one of two or more joint contractors, the other being out of the state; he may chancer bonds, admit depositions, and admit special matter on the general issue on notice. So in this case the justice act only gives the general power to issue writs, but does not regulate *how* or *by whom* they shall be served. For these we must refer to the act regulating judicial proceedings; and therefore, where the sheriff is a party, or interested, or dead, or imprisoned, the justice writ, like any other, should be directed to the high bailiff, and served accordingly. It is asked how then could a writ against a county be served? Perhaps, *ex necessitate rei,* the sheriff might serve, but in the case before us *the statute provides* for the high bailiff or a disinterested constable, and it is therefore not a case left for judicial provision.

The next question is, if a writ is served by an interested sheriff, what is the mode of correction? Most undoubtedly it is matter of abatement, for it does not go to the merits of the case, nor to the jurisdiction of the court either over the subject matter or the parties.

In one of these cases there was a plea in abatement for this cause, which must prevail unless the same is objectionable for some of the special causes of demurrer, to which attention will now be given.

1st, It is said the plea has neither full nor half defence, beginning thus: " *The defendant comes and defends, &c. and prays judgment.*" There is much nice and contradictory authority on this point, but it has here no importance. In England, the court took no proceedings until *appearance,* not even to enter default; nor did they ever give judgment until the defendant made defence. Here it is oth-

erwise, and the occasion and law on that point here cease.

CHITTENDEN,
January,
1834.

Town of Essex
vs.
Prentiss.

Holmes
vs.
Town of Essex.

2d, It is said the plea begins by praying judgment of the writ, and should only *conclude* so. Bacon, indeed, lays down the rule that the plea should so *begin* only when the matter is apparent on the writ (4 Bacon, 50.—3 Just. 30); but this is a distinction little attended to even in England.

3d, It is objected that the plea should give a better writ. If the matter in abatement be such that the information for its correction be peculiarly within the command of the defendant, he must in this way communicate it, such as other parties who should be joined as defendant's, misnomer or degree of the defendant, &c., otherwise, it is unnecessary. Such is the practice. See plea by Judge Parsons, approved by Judge Story, (Oliver's Ed. Story's Plea. 119.)

The court therefore decide the judgment in the case of Holmes sustaining the plea in abatement be affirmed.

It is observable that these were cases within the jurisdiction of the justice court; the writs were served by a *public officer* of general power, and all the proceedings regular on the face of them. The defect was on a collateral fact. It could not have been dismissed on motion as for a defect apparent of record. It was therefore proper for plea in abatement, disclosing the fact, and furnishing the plaintiff an opportunity to traverse that fact, or reply matter in avoidance, such as consent of the defendant, &c. and the defendant had notice and opportunity to appear and plead. In the case *Weston* vs. *Coulston*, 1 Wm. Bla. R. 506, the court dismissed the proceedings as irregular where the sheriff served a *latitat*, himself being a party. In *Hart* vs. *Hawkins*, 6 Mass. R. 399, and also in 5 Mass. R. 260, in Error, the court said the proceedings were *void* where the constable served process in a real action, and said the defendant need not have appeared and *reversed* the judgment, though they called it *void*.

From these cases, it is insisted that the justice's judgment was *void*, and therefore the execution should be superseded by *audita querela*. But it is to be observed these were all cases apparent of the record. This is otherwise. In the Massachusetts cases, the officer was not of general

CHITTENDEN,
January,
1834.

Town of Essex
vs.
Prentiss.

Holmes
vs.
Town of Essex.

power, and could serve no such process. This judgment was not *void*, as the justice had jurisdiction, and could not know, without plea, that there was any irregularity. There was no *fraud* in the plaintiff's procuring judgment against defendant without notice, as he had notice; nor has the present plaintiff any defence which he, as defendant below, had not day and opportunity to make. This *audita querela* cannot be sustained.

Judgment reversed.

Judgment rendered that the complaint of the plaintiff is insufficient.

MATTOCKS, J., Dissented as to the case of Holmes, on the ground that the sheriff was not so interested as to prevent his serving the writ.