FRANKLIN,
*January*,
1836.

FAIRFIELD *vs.* THOMAS HALL.

A *deputy sheriff cannot serve a writ in favor of a town of which he is a rated inhabitant.*

This was an action of ejectment brought to the county court, where the defendant pleaded in abatement, for that the writ was served by J. Bradley, deputy sheriff, who was a rated inhabitant of the town of Fairfield. To which the plaintiff demurred. The county court rendered judgment that the writ abate, to which the plaintiff excepted, and the cause passed to this court for revision.

*Smalley and Adams for plaintiff.*—The office of sheriff is one and indivisible, and though he may act by deputy, yet the acts of the deputy are, in contemplation of law, the acts of the sheriff.— Walson on Office of Sheriff 23, 24—L. L. No. 20, 23, 24.

This principle was recognized in this court, in the case of *Holmes* vs. *Essex*, 6 Vt. Rep. 47, in which the court decided that the deputy could not serve a writ on the town in which the sheriff was a rated inhabitant.

This case must have proceeded upon the principle, that the service of the writ by the deputy, was the act of the sheriff.

In the case before the court, it is not pretended that the sheriff was an inhabitant of Fairfield, but that the deputy who served the writ, was.

If he was so, this cannot effect the service, if it is to be deemed the act of the sheriff. It cannot, in contemplation of law, be deemed the act of both sheriff and deputy, and if not this plea cannot be sustained without overturning the case of *Holmes* vs. *Essex*.

*A. and A. O. Aldis for defendant.*—The plea of abatement was sufficient;

1. The deputy sheriff was interested, being a *rated inhabitant* of Fairfield, and being interested, he could not serve the writ. The statute expressly prohibits sheriffs and constables from serving writs when *interested*, and the deputy sheriffs can have no greater power than the sheriff.—2 Stat. p. 64—6 Vt. Rep. 47, *Holmes* vs. *Essex.*

2. The general term "sheriff," by fair construction, includes the deputy sheriff, when the latter is not named.

3. The reason of the law which prohibits sheriffs, when interested, from serving writs, applies equally to deputy sheriffs.

FRANKLIN,
January,
1836.

Fairfield
vs.
Thomas Hall.

4. The decision asked for by the plaintiff would establish principles inconsistent with the established rules of law. For instance; if the sheriff be a party, the deputy sheriff being his agent, cannot serve the writ ; but when the agent becomes the principal, and instead of an indirect, has a direct interest, then he may act, would be the language of this new principle.

5. Independent of our statute, by common law, the sheriff, "in case of partiality," was prohibited from serving writs.—Bac. Abr. M. 1 "Sheriff," p. 450—Cro. Car. 416,*Done* vs. *Smither* —1 Wm. Bla. 506—1 Bla. Comm. 349 or 266. The same decisions have been made in Massachusetts.—11 Mass. Rep. 181, *Gage* vs. *Graffman*—14 Mass. Rep. 216, *Brewer* vs. *New Gloucester.*

The opinion of the court was delivered by

COLLAMER, J.—It was decided in the case of *Weston* vs. *Coulston,* (Wm. Bla.) that a sheriff could not serve a latitat in any case in which he was so far interested that he could not empannel a jury. It is obvious, from our whole statutes, that it was clearly intended that all writs should be served by indifferent, that is, *disinterested persons.* Where the sheriff is *interested,* the writ is to be directed to the bailiff, and where a deputation is permitted, it is required to be that of an indifferent person. The only remaining question is, was the officer, who served this writ, *interested?* In the case of *Holmes* vs. *Essex,* it was holden, and we think correctly, that every rated inhabitant of a town is interested in the event of the suits to which such town is a party, and that the sheriff cannot, by himself or deputy, serve a writ in a suit to which his town is a party. If the sheriff cannot serve a writ to which *his* town is a party, clearly his deputy cannot do more than the sheriff himself, and therefore cannot serve at the suit of *his* town. Writs must be served by disinterested officers, and to consider this service as the act of the sheriff only, and thus loose sight of the deputy, would involve the absurdity of permitting a deputy sheriff to serve writs in his own favor, or upon himself, by calling such service the act of the sheriff.

Judgment affirmed.