### ELIAS LYMAN *v.* TOWN OF BURLINGTON.

### TOWN OF BURLINGTON *v.* ELIAS LYMAN.

The proceedings of the county court upon the report of commissioners, appointed by a justice of the peace, under the statute, to appraise the damages occasioned to a land owner by the laying out of a highway by selectmen, cannot be revised upon exceptions, but only upon *certiorari.*

The case of *Adams* v. *Newfane*, 8 Vt. 271, recognized and affirmed.

Lyman *v.* Burlington.    Burlington *v.* Lyman.

A deputy sheriff cannot serve process in favor of the town, of which he is a rateable inhabitant, although the sheriff, under whom he acts, is at the time an inhabitant of another town, and has no property or interest in the town in favor of which the process issues.

But this does not apply to a citation, or order of notice, appended to a petition for a writ of *certiorari.* Service of such a notice may be made by any person.

When commissioners, appointed by a justice of the peace, under the statute, to appraise damages occasioned to a land owner by reason of the laying out of a highway across his land, appraise the damages at a sum exceeding forty dollars, and therefore return their report to the county court, the court have power, for sufficient reason, to reject such report; and if they do so, and the same commissioners, without any new appointment, re-examine the premises, and make a new report to the county court, in due form of law, the court have power to accept such report and establish the appraisal so made.

It is not a sufficient reason for rejecting the report of the commissioners in such case, that they refused to hear the testimony of witnesses in reference to the value of the premises, over which the road is laid out, and the amount of damages sustained by the land owner.

When a petition for a writ of *certiorari* is founded upon some informality or irregularity in the forms of the proceeding sought to be vacated, and no injustice has been done, the court, in the exercise of their discretion, will refuse to grant the writ.

THE first of these cases was a petition to a justice of the peace, pursuant to the statute, to appoint commissioners to appraise the damages sustained by the petitioner, Lyman, by reason of a highway being laid out across his land by the selectmen of Burlington; and the damages being appraised at more than forty dollars, the report of the commissioners was returned to the county court. The second case was an application to the supreme court, by the town of Burlington, for a writ of *certiorari*, to vacate the proceedings of the county court in accepting the report made by the commissioners. The facts are fully stated in the opinion delivered by the court.

*Smalley & Phelps* for petitioner.

*C. Adams* for Burlington.

The opinion of the court was delivered by

KELLOGG, J.   The town of Burlington having, by their select-
men, laid a highway over land of Mr. Lyman, and the selectmen
having refused to award him damages for the same, Lyman applied
to a magistrate in an adjacent town and procured the appointment
of commissioners to appraise his damages.   The commissioners ap-
praised his damages, and, the same being more than forty dollars,
made return of their doings to the term of the county court next
after their appointment; and objections being made by the town of
Burlington to the acceptance of the report, the case was continued
to the March Term of the court, 1848, at which term the court re-
fused to accept the report, for the reason that it appeared, that the
commissioners were not sworn to the faithful discharge of their duty.
The case was farther continued to the September Term, and in the
interim the commissioners again examined the premises, appraised
the damages, and made report to the court at their September Term,
1848; at which term the town of Burlington filed exceptions to the
report, and, upon hearing the same, the report was accepted; and to
that decision the town of Burlington filed exceptions and removed
the case to this court for revision.   At the last term of this court
the town of Burlington filed their petition, (having previously pro-
cured a citation and caused the town to be notified of the petition,)
praying the court to issue a writ of *certiorari*, to bring the records
of the proceedings in the county court before this court, and that
the same be quashed for the reasons set forth in the petition.   The
exceptions were entered in this court, and, upon the return of the
petition and citation, Lyman pleaded in abatement, that the citation
was served by a rateable inhabitant of Burlington;—replication,
that the citation was served by a deputy sheriff, and that the sheriff
did not reside in Burlington, and was not liable to pay taxes there;—
to this replication there was a demurrer.   Lyman filed his motion
to have the exceptions dismissed.   The cases were heard together
in this court upon the motion to dismiss the exceptions, the plea in
abatement, and upon the merits of the petition for the *certiorari*.

The exceptions in the case Lyman against Burlington must be
dismissed.   They are not properly before this court.   The case is
identical with that of *Adams* v. *Newfane*, 8 Vt. 271, and is con-
trolled by that case.   It was there held, that this proceeding " was

not by the course of the common law, but entirely in the nature of proceedings of a court of sessions;—that it is the same as the appointment of committees by the county court to lay out roads and the accepting of their reports, which proceedings are not subject to revision but upon *certiorari*." That case is decisive of the present. The exceptions are therefore dismissed.

The first question that arises upon the petition is as to the sufficiency of the replication to the plea in abatement. This replication is founded upon the assumption, that the act of the deputy is, in law, the act of the sheriff, and that, inasmuch as the sheriff was not an inhabitant of Burlington, or subject to the payment of rates there, the service cannot be invalidated, though made by a deputy, who was a rateable inhabitant of the town. This assumption, we think, cannot be sustained. For it was held by this court in *Fairfield* v. *Hall*, 8 Vt. 68, that a deputy, who was a rated inhabitant of the town, could not serve a writ, to which his town was a party. The replication must therefore be held insufficient.

The replication being demurred to, the demurrer reaches back to the first defect in pleading, and raises the question of the sufficiency of the plea. The plea is based upon the assumption, that the citation, or order of notice, appended to the petition, is like the ordinary process of law and is subject to the same rules, as to service, as the ordinary process of the courts. In the present case, if we were to hold the plea sufficient, we should not think of abating the petition. The only effect of sustaining the plea would be to suspend the hearing upon the petition, until proper notice was given to the adverse party. But we do not think the plea can be sustained, either upon principle, or authority. The cases cited in support of it are cases of the ordinary process of law. The case at bar, we think, is clearly distinguishable from those cases. The service of this notice was not the service of process, in the common acceptation of the term. It was an application to this court for a *certiorari*, and an order of notice to the adverse party to appear and show cause, why the writ should not issue. The service of the notice is not regulated by statute, and we think it might well be made by any one. Even had the petitioner delivered a copy of the petition and order of notice to the adverse party, upon proper proof of the fact the court would have deemed it sufficient notice. The

whole proceeding is regulated by the rules and usages of the court. We therefore hold the plea in abatement insufficient.

This result renders it necessary to examine the questions presented in the petition.

The petition seeks to have the proceedings of the county court quashed, upon the ground that the commissioners had no authority to make the report, which was finally accepted by the county court, —that the county court had no authority to accept the report,—and for the farther reason, that the commissioners refused to take the testimony of witnesses, showing the amount of the petitionee's damages.   It is urged by the petitionee, that the county court had no authority to appoint the commissioners, or to confer upon them any powers whatever in relation to the assessment of the damages, and to this proposition we readily accede.   The commissioners were appointed by a justice of the peace, pursuant to the statute, and we do not perceive, that the county court undertook to clothe them with any authority.   They derived all their powers from their appointment.   The county court were limited, in their action, to such report as the commissioners should submit.   This they might accept, or reject, as they should be advised was proper.   The first report the county court refused to accept, for the reason that the commissioners were not sworn, and perhaps for other irregularities apparent in the proceedings of the commissioners.   The commissioners reexamined the premises, made a new appraisal of damages, and submitted their second report.   This report, being deemed regular and in due form, the county court accepted.   In opposition to this proceeding of the commissioners and the county court it is urged, that the commissioners having made a previous report and the court having set it aside, the power of both upon that subject was exhausted, and that neither could take farther action in the premises.   We think this objection cannot be sustained.

It is indeed true, that the statute does not provide for a second appraisal and report by the commssssioners, or the acceptance of a second report by the court.   The commissioners, however, were bound to make a *legal report;* and until they had made such a report, we think, it cannot with propriety be claimed, that they had exhausted their powers under their appointment.   The statute provides, that upon the return of the appraisal to the county court the

same shall be established, if no sufficient cause be shown to the contrary. From which it is evident, the court have the power to accept the report and establish the appraisal, or reject it upon sufficient cause. If the report is not conformable to law, it is the duty of the court to reject it. And the rejection of an informal and illegal report does not, we think, divest the court of the power to act upon a subsequent legal appraisal. The power so to do is, and must necessarily be, incident to the court. To hold otherwise would be productive of the most injurious consequences.

It is farther urged, that the proceedings should be set aside, for the reason that the commissioners refused to receive the testimony of witnesses in relation to the damages. The statute makes no provision in relation to the taking of testimony by the commissioners, nor does it even contemplate such proceeding. It directs them to "proceed to view the premises and make the appraisal." It evidently contemplates, that the appraisal is to be made by the commissioners, upon view of the premises. Doubtless the commissioners *might* resort to other means, if they deemed it expedient, to aid them in making their appraisal. But we do not deem their refusal to examine witnesses upon the subject a sufficient ground to justify setting aside their proceedings. Would it be deemed sufficient cause to set aside the levy of an execution upon real estate, that the appraisers refused to examine witnesses as to the value of the land they were appointed to appraise? We think not; and yet it might be urged in that case with quite as much propriety as in the present.

The application for a *certiorari* is addressed to the sound discretion of the court, and when it is founded upon some informality, or irregularity, in the forms of the proceeding, and no injustice has been done, the court, in the exercise of their discretion, will refuse the writ. In the present case there is no evidence before the court, that injustice has been done, and we discover no sufficient cause for awarding a *certiorari*. Consequently the *writ is denied* and the petition *dismissed.*