JOSEPH W. SHAW *v.* CHARLES C. P. BALDWIN.

*Sheriff. Service. Replevin. Execution.*

Though the service of a writ upon a sheriff by one of his deputies is irregular, yet such irregularity can only be taken advantage of by plea in abatement, and it does not justify the sheriff in resisting the service.

Therefore, where a sheriff had levied an execution upon personal property, which, previous to the time appointed for the execution sale, was replevied upon a writ in favor of a third party, served upon the sheriff by one of his deputies; *Held* that this was a sufficient excuse to the sheriff for not retaining the property and selling it on the execution.

CASE for the neglect of the defendant, as sheriff of Orange county, for not collecting an execution in the plaintiff's favor against one Low, which the plaintiff placed in his hands for collection. It appeared that the execution was levied by the defendant upon a piano forte, as the property of Low, but that previous to the time appointed for its sale on execution, the piano was replevied and taken out of his hands, upon a writ against him in favor of one Prichard. This replevin writ was served upon the defendant by one Bliss, who was then a deputy sheriff under the defendant, and who made such service in that capacity. Immediately after the piano was thus replevied, the defendant delivered the copy of the replevin writ, served upon him, to the plaintiff's attorney, and caused the plaintiff to be informed that the piano had been replevied, and no instructions were given him in relation thereto either by the plaintiff or his attorney.

The replevin writ was never entered in court.

The cause was tried by the court upon the plea of not guilty,

at the June Term, 1859, in Orange county court,—BARRETT, J., presiding,—and judgment was rendered for the plaintiff, to which the defendant excepted.

*J. W. Batchelder* and *A. M. Dickey*, for the defendant.

*C. B. Leslie* and *C. W. Clarke*, for the plaintiff.

KELLOGG, J.   The principal question which arises in this case is whether the service of the replevin writ, by virtue of which the property taken by the defendant as sheriff, on the execution in favor of the plaintiff against Low, was taken out of his hands, was so far irregular, by reason of its being made by a deputy of the defendant, that it should be treated as being a nullity or completely void.

It is not questioned that the service of process upon a sheriff by his deputy is irregular, and such service is clearly the subject of a plea in abatement; but if advantage of the defect is not taken by such plea, we regard the service as being so far suffi-cient that a judgment could not be impeached if it should be recovered on process thus served.   An objection on account of a defect in the service of process does not go to the merits of the case or to the jurisdiction of the court over either the subject matter or the parties ; and a deputy sheriff, being an officer of general power, the court cannot take notice of his disability to serve process in any particular case until the facts upon which such disability arises are pleaded.   The defect is not a matter apparent on the record, but arises on a collateral and traversable fact, which the court cannot know until it is disclosed by plea. If advantage is not taken of the irregularity by plea in abate-ment, all objections on account of it should be treated as waived. Matter which is in abatement merely is always treated as waived if not seasonably and properly pleaded.

Prior to the act of 1850, (Comp. Stat., p. 473, sec. 4,) which altered the law in that respect, it was held that a sheriff could not by himself or his deputy serve a writ in a suit to which the town of which he was a rated inhabitant was a party, and that a deputy sheriff could not serve a writ in favor of or against a

town of which he was a rated inhabitant. See *Holmes* v. *Essex*, 6 Vt. 47 ; *Charlotte* v. *Webb*, 7 Vt. 38 ; *Fairfield* v. *Hall*, 8 Vt. 68 ; *Essex* v. *Prentiss*, 6 Vt. 47. But such irregular service was, in those cases, considered to be a defect which should be cor-·rected by a plea in abatement, and not by *audita querela* or a motion to dismiss. It never was regarded as furnishing any ground for impeaching the regularity or validity of the judgment or subsequent proceeding if not pleaded in abatement. It is not claimed that there was any defect in the writ of replevin in this case, but only in its service ; and if that writ had been entered in court, and no plea in abatement on account of the defective service had been interposed, it cannot be doubted that a judgment in the suit, whether in favor of one party or the other, would have been regular and valid. If, as we think, this irregularity in the service of the writ of replevin only furnished the subject of a plea in abatement, it follows that the defendant would not have been justified in resisting by force the service which was made by his deputy, but was bound to respect it until it was set aside on such plea, and the regularity of that service cannot be called in question in this action or any other collateral proceeding.

We regard the service of the replevin writ, although irregular, as a sufficient justification to the defendant for suspending his proceedings on the plaintiff's execution against Low as to the property thus replevied, especially in connection with the fact that immediately after that service was made, the defendant delivered the copy of the replevin writ which was served on him to the plaintiff's attorney on the execution, and without any delay caused the plaintiff to be informed of the commencement of the replevin suit, and that no instructions were given to him, either by the plaintiff or his attorney, in relation thereto. This conclusion renders it unnecessary to consider the other points made in the case. The judgment of the county court in favor of the plaintiff proceeded upon the ground that the service of the replevin writ was not merely irregular but completely void. We think that, on the facts of the case, as determined by the finding of that court and stated in the bill of exceptions, the defendant was entitled to a judgment in his favor.

Judgment of the county court reversed, and judgment rendered in favor of the defendant.