## KRUEGER vs. PIERCE.

APPEARANCE. (1) *Waiver of irregularity of service of process.*

EXEMPTION LAW. (2) *Liberally construed.* (3) *Materials for repairing homestead dwelling, and on premises, exempt.*

APPEAL. (4) *Objections first made in this court not heard, when. Amendment treated as made, when.*

1. Defendant in replevin, who was under-sheriff, appeared generally to the action, went to trial on the merits, without objecting to the service of process upon him by the sheriff, instead of by a constable (Tay. Stats., 1384, § 160), otherwise than by stating in his answer by what officer it was made. *Held,* that the irregularity (if any) in the service was *waived,* and the court had jurisdiction.

2. It is the settled rule in this state, that the exemption laws thereof are to be *liberally construed.*

3. Lath, shingles and lumber obtained by a debtor for the purpose of repairing the dwelling house occupied by him as a homestead, and actually deposited upon land included in the homestead, *held* to have been exempt from seizure on attachment.

4. In replevin, where the court below finds that the property was unjustly taken, the judgment will not be reversed for the objection, *first made in this court,* that the unlawful taking was not averred in the complaint, and no demand was shown; but the case must be treated here as though the proper amendment had been made to the complaint.

APPEAL from the Circuit Court for *Manitowoc* County.

*H. G.* and *W. J. Turner*, for appellant, to the point, that the sheriff could not serve process on his own under-sheriff in such action, cited 2 Hilliard on Torts, 3 ed., 208; *Shaw v. Baldwin*, 33 Vt., 447; *Dooley v. Root*, 23 Gray, 303; *Krum v. King*, 12 Cal., 412; Crocker on Sheriffs, § 850; 2 Greenl. Ev., 10 ed., § 580; *Waterbury v. Westervelt*, 9 N. Y., 598.

*Geo. N. Woodin*, for respondent, argued, *inter alia*, that the materials were exempt; that the law would be inconsistent, if it exempted the dwelling house, but refused to exempt materials for it, in process of erection, especially when gathered around a partly finished structure. It is the object of those laws to encourage the owning by each citizen of his own home. They are enacted chiefly in the interest of the poor and laboring men; but the very class intended to be protected must usually buy and build, little by little. They buy the lot first, and are, oftener than otherwise, obliged to wait through a season of small accumulations before they can build. If their materials accumulated could thus be seized, they might be perpetually deprived of a home. Under the rule in *Conklin v. Parsons*, 1 Chand., 240, 2 Pin. Wis., 264, the materials should be held to appertain to the realty and be classed as fixtures, and if so, and they are wrongfully removed, replevin will lie. *Huebschmann v. McHenry*, 29 Wis., 655.

COLE, J. This is an action of replevin commenced before a justice. The defendant, being under-sheriff, seized the property in controversy on a writ of attachment issued against the plaintiff. The writ in the present case was served upon the defendant by the sheriff. It is claimed that the service of the process by the sheriff upon the under-sheriff was void, and gave the court no jurisdiction of the person of the defendant.

This objection must be overruled. It would have been more appropriate had the writ in the present case been awarded to and executed by some constable. Tay. Stats., 1384, § 160.

But the defendant made an appearance generally in the cause, filed an answer, and went to trial on the merits. This was a waiver of any irregularity in the service of process. True, in his answer, the defendant states, with other matters constituting his defense, that the process was served upon him while acting as under-sheriff, by the sheriff himself. It is not obvious how any effect or importance can be given this allegation in the answer, in view of the fact that the defendant appeared generally in the cause and went to trial upon the merits without any objection to the regularity of the service of process. At most, the service by the sheriff upon the deputy was only an irregularity which might be waived, and which, we think, was fully waived by the defendant. The defect in the service is not a matter which went to the jurisdiction of the court over the cause of action, but only to its jurisdiction over the person; and the defendant could only take advantage of it *in limine*. *Shaw v. Baldwin*, 33 Vt., 447.

The court held that the property seized upon the attachment was exempt. It consisted of lath, shingles and lumber, of the value of $61.80, which the plaintiff had procured and placed upon the lot on which his dwelling house was situated. The court found, as a matter of fact, that the land whereon these materials were placed was the homestead of the plaintiff, and that they were obtained with the intent and for the purpose of repairing his dwelling house. We think the testimony fully warrants this finding; and the question then arises, whether lumber and building materials procured by a debtor for the purpose of repairing the dwelling house in which he and his family live, and actually placed upon the lot on which such dwelling is situated, are exempt. It seems to us this question must receive an affirmative answer. It is a cardinal rule, which this court has frequently recognized and affirmed, that exemption laws are to be liberally construed. The whole policy and spirit of the law, so far as homesteads are concerned, are to secure them to the debtor and his family. In

Krueger vs. Pierce.

furtherance of this beneficent purpose, the legislature has enacted that the owner of a homestead may insure the same against loss by fire, and, in case the building is burned, the money due on the policy shall not be attached on garnishee process, but shall be exempt from the payment of the debts of the party insured.   Sec. 37, ch. 134, R. S.   It would, indeed, be a strange anomaly in the law, if money paid on a policy of insurance should be exempt, and yet, as soon as this money was invested in materials to rebuild or repair the dwelling, those materials might be seized and sold on attachment or execution against the owner of the homestead.   The statute does not lead to any such absurd consequences.   And yet this result would follow if the position of the counsel for the defendant is sound, that the building materials in the present case were liable to seizure on attachment.   Whether these materials thus upon the lot became a part of the realty, or were exempt by virtue of other provisions of the statute, we need not determine.   We are quite clear that the court below was right in holding that they were not liable to be seized on the attachment.

It is said that the complaint did not allege an unlawful taking of the property, and that there was no proof of a demand. The court found that the property was unjustly taken; and the complaint might have been amended so as to make it conform to the proof.   The case must be treated here as though the proper amendment had been made.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.