## CARKIN v. BABBITT.

Lumber procured to be used in rebuilding a homestead dwelling is not exempt from attachment.

The defendant in an attachment suit cannot maintain replevin for the goods attached, unless they were by law exempt from attachment.

REPLEVIN, for lumber attached by the defendant, a deputy sheriff, in a suit against the plaintiff. The plaintiff's house, part of his homestead, and occupied by himself and his family, having been burned, he bought the lumber, and deposited it on his homestead lot, as materials for rebuilding the house. The attachment suit was founded on a judgment. The plaintiff offered to prove that an execution had been issued upon the judgment, a levy made, and the execution returned satisfied. The court reserved the questions whether the lumber was exempt from attachment as part of the homestead, and whether the evidence offered was competent.

*Faulkners & Batchelder*, for the plaintiff.

*Woodward & Wellington*, for the defendant.

CLARK, J. Materials designed for rebuilding or repairing a homestead dwelling are not included in the class of chattels protected from attachment by statute, nor are they in terms covered by the homestead act. If the lumber was exempt from attachment, it was because it had become a part of the homestead. Things movable and personal in their nature, when fitted and applied to use as a part of the realty, and necessary to its beneficial enjoyment, may be regarded as incident to it and become an essential part of it. But it is by adaptation and use that chattels acquire this character. A mere unexecuted intention of future use is not sufficient to impart it. *Burnside* v. *Twitchell*, 43 N. H. 390; *Wadleigh* v. *Janvrin*, 41 N. H. 503, 512; *Manchester Mills* v. *Rundlett*, 23 N. H. 271; *Woodman* v. *Pease*, 17 N. H. 282, 284. The character of the lumber was not changed by being placed on the homestead lot. There was nothing to designate it as exempt from attachment, or to distinguish it from ordinary lumber suitable for building purposes. It was not affixed to the soil. It was neither in form nor position as it was designed to be permanently used. It was intended, at some future time, to be made a part of the homestead dwelling, but until it became such it was not within the protection of the homestead law. Chattels are not exempt from attachment and levy under the provisions of the homestead law unless they have become a part of the homestead. We have not overlooked *Krueger* v. *Pierce*, 37 Wis. 269, which supports the view of the plaintiff. We are not inclined to follow that case, for the reason that we

think such a construction of the homestead act would extend its provisions beyond the limit intended by the legislature.

The lumber not being exempt from attachment, the plaintiff, being the defendant in the attachment suit, cannot maintain replevin against the defendant, who was the attaching officer. The defendant in an attachment suit cannot maintain replevin for the goods attached unless they were by law exempt from attachment. *Smith* v. *Huntington*, 3 N. H. 76; Gen. St., *c.* 226, *ss.* 2, 3. The evidence offered was immaterial.

*Judgment for the defendant.*

BINGHAM, J., did not sit: the others concurred.