Strafford, }
Jan. 4, 1921. }

### BARNET LYMAN v. HELEN M. LEIGHTON & a.

An entry upon land by the holder of the legal title for the purpose of removing his personal property is not unlawful, if made within a reasonable time from a decree ordering a conveyance.

, Exceptions to findings of fact and to a refusal to find certain facts will not be considered, if the evidence relating thereto has not been transferred.

A logging camp moved onto land in disconnected sections and left there standing on skids without a foundation is not a fixture.

TRESPASS, for breaking and entering the plaintiff's close in Middleton and carrying away a building. Trial by the court and verdict for the defendants. At the request of the plaintiff, the court found the facts and made certain rulings of law.

On November 28, 1916, the defendant Fred L. Leighton made a written contract with the plaintiff by the terms of which he agreed to sell the plaintiff his farm. Upon December 30, 1916, the defendants executed to the plaintiff a warranty deed of certain real estate. On July 23, 1917, the plaintiff brought a bill in equity against the defendants alleging that two parcels of land included in the Leighton farm were fraudulently omitted from the description in said deed. After a hearing upon this bill, a decree was entered, wherein it was found that a certain lot of land containing about ten acres of woodland and separated by a wall from the land previously deeded should have been included in the plaintiff's deed, and it was ordered that the defendants execute and deliver to the plaintiff a warranty deed of said ten acre lot on or before November 15, 1917.

In March, 1917, the defendant, Fred L. Leighton, moved a small lumber camp he had bought onto the ten acre lot above referred to. The building was moved in three sections on skids and these three sections were left upon the land as near as possible in the position which they would occupy when the building was reconstructed. The defendants intended to use this building as a summer camp but no work was done upon it after it was delivered upon the land in question. The three sections were never united. No foundation was ever placed under them. They rested upon spruce poles which had been placed under them at the time they were moved. The dimensions of the main building were 8 x 12 feet, and there was a connecting woodshed six feet square. The camp after it was moved was worth $25. Upon November 13, 1917, the defendants caused

this camp to be removed from the ten acre lot. The plaintiff claimed that in so doing a portion of fence bounding the ten acre piece was destroyed, but it is found as a fact that there was at this time no fence at the point in question. At the time when the defendants moved the building onto the land in question they held the legal title to the premises and believed themselves to be sole owners thereof. The building was never attached to the land and did not become a fixture but remained the personal property of the defendants. The defendants entered for the purpose of removing it within a reasonable time after the decree of the court in the equity proceeding was entered and their entry for this purpose was not unlawful.

The plaintiff duly filed certain requests for rulings of law as follows:

"1. The defendants cannot take advantage of their own wrong, hence they cannot maintain an action of replevin, or an action of trover, even though the building was a chattel, and cannot have any greater right to it by unlawfully entering and taking it from the premises.

2. The building was annexed to the land. Having been put there for an unlawful purpose, the defendants are estopped from claiming it as a chattel and it became the property of the plaintiff.

3. Verdict for the plaintiff for one hundred and twenty dollars." These requests were denied.

The plaintiff excepted to the findings of fact and the refusal to find certain facts and to the rulings of the court, and excepted to the refusal of the court to rule as requested. Transferred from the February term, 1920, of the superior court by *Branch*, J.

*Henry D. Yeaton*, for the plaintiff.

*Snow, Snow & Cooper*, for the defendants.

PLUMMER, J. The plaintiff excepted to the refusal of the court to make certain findings of fact, and also to findings of fact made by the court, but the evidence has not been transferred, and the questions that might be raised by those exceptions are not before this court.

The ruling of the court that the building was never attached to the land, and did not become a fixture, but remained the personal property of the defendants, was correct. *Woodman* v. *Pease*, 17 N. H. 282; *Carkin* v. *Babbitt*, 58 N. H. 579.

The finding that the defendants entered for the purpose of removing the building within a reasonable time after the decree of the court in

the equity proceeding was made, sustains the ruling that the entry for this purpose was not unlawful. *Dame* v. *Dame*, 38 N. H. 429, 433; *Hoit* v. *The Stratton Mills*, 54 N. H. 109.

*Exceptions overruled.*

All concurred.