### JONATHAN T. EVARTS *v.* TOWN OF GEORGIA.

A writ against a town cannot be served upon the town by a sheriff, who has ratable estate in the town, for which he is rated and taxed, though he be not, at the time of making the service, a resident inhabitant of the town.

Form of a sufficient plea in abatement in such case.

IN this case the original writ was made returnable to the county court, and, at the term at which the action was entered in court, the defendants appeared and pleaded as follows :

"And now the defendants here in court defend the wrong and injury, when &c., and pray judgment of the plaintiff's writ, and that the same may be abated, quashed and held for nought, because they say that Decius B. Bogue, by whom the said writ was served, executed and returned, was, at the time said writ was served, the legal owner of a large real and personal estate, of the value, to wit, of three thousand dollars, situate and being in said town of Georgia, which said estate then was ratable and liable to taxation by and for said town of Georgia, and on which taxes were then raised, and that said Bogue then was liable to be rated and taxed for said property, and was rated and taxed for the same, and that there is no other service of said writ, than the service so made and returned by said Bogue, as appears by the said writ and said Bogue's return thereon. Wherefore, for want of a legal service of said writ, the defendants pray judgment of the said plaintiff's writ, and that the same may be abated and quashed, and for their costs."

To this plea the plaintiff demurred, and assigned, as special causes for demurrer,—1, That it does not appear by said plea that said estate is, or was, set in the list of said Bogue in said town, or of any tenant of said Bogue in said town;—2, That it does not appear, but that said estate may have been in the possession of some tenant, or tenants, of said Bogue, and said tenant, or tenants, resident out of said town;—3, That it does not appear that said Bogue is a resident of said town;—4, That it does not appear, that taxes were then raised on said property by said town, or that said Bogue was liable to be rated and taxed for said property by said town, or that said Bogue was rated and taxed for the same by said town, unless argumentatively;—5, That the averment, that said estate was ratable and liable to taxation by and for said town, is too general.

The county court adjudged the plea sufficient; to which decision the plaintiff excepted.

*Stevens & Seymour* for plaintiff.

1. The sheriff, though interested, may serve the writ. Rev. St. c. 11, §§ 4, 40; c. 13, § 60. Slade's St. p. 200, § 2; p. 64, § 24.

2. A town is a public corporation. 7 Vt. 19.

3. The officer must be rated, (6 Vt. 51) that is, have taxable property and a *list.* 7 Vt. 20, 48.

4. The argument *ab inconvenienti* applies. 9 Vt. 170. 7 Vt. 166.

*H. R. & J. J. Beardsley* for defendants.

1. The plea is substantially sufficient. Rev. St. 77, § 40. It is difficult to discover any distinction between the case at bar and the cases of *Holmes* v. *Essex,* 6 Vt. 47, and *Fairfield* v. *Hall,* 8 Vt. 68. It is true, that the officer did not, at the time of service, reside in the town of Georgia; nor is this material. The interest is not created by the fact of residence, but by the fact that he is ratable by reason of having property in the town, on which he pays and is liable to pay taxes.

2. The objection, that it is not alleged in the plea, that the estate was set in the list of Bogue in the town, is frivolous. The interest does not arise from this, but from the fact that it is ratable, or liable to be taxed.

Evarts *v.* Georgia.

3.  It cannot be important, whether the estate was in possession of a tenant, nor whether he resided in or out of town, if the officer was liable to pay taxes on the estate, and was taxed for the same, which facts the plea directly alleges.

4.  It is sufficient to allege the fact, that the estate was ratable and liable to taxation, without pointing out how, or to what extent, or in what form, the estate was ratable.

The opinion of the court was delivered by

ROYCE, J.  In the case of *Holmes* v. *Essex*, 6 Vt. 47, the sheriff of the county was a rated inhabitant of Essex, but the writ was served by his deputy, who was not alleged to have been an inhabitant of that town, or personally interested in the suit.  Here the sheriff himself served the writ, having ratable estate in the town of Georgia, for which he was rated and taxed, though he does not appear to have been, at the time of serving the writ, a resident inhabitant of that town.  This latter fact makes the only difference between the two cases, which can possibly tend to aid the service in the present instance.  But the place of the officer's residence is not made a test of qualification by the statute, nor was it at all relied upon in the case cited.  That decision proceeded solely on the ground of interest, and must therefore govern the present case.

Judgment of the county court affirmed.