JAMES MYERS, JUNIOR, *v.* JOHN B. OVERTON.

Where a defendant is served with process by the plaintiff personally, he must take advantage of the irregularity by moving to set aside the proceedings before judgment.

This court having jurisdiction both of the subject matter and the person, the mode of serving the summons will not affect its jurisdiction.

APPEAL from an order denying a motion to set aside a judgment of this court.   The motion was made upon the ground that the original summons was served by the plaintiff personally.

---

(*a*) See the report of the decision, *ante*, p. 306.—REP.

*Thomas Darlington*, for the defendant, cited Code, §§ 127, 131, 133, 138, 139, 274, 281 ; *Miner* v. *Mechanics' Bank of Alexandria*, 1 Peters, 64 ; *Rex* v. *Barlow*, 2 Salk. 609 ; 1 Vernon, 153 ; 3 Hill, 612.

*Robert B. Potter*, for the plaintiff, cited Code, § 467.

By the Court. Ingraham, First J.—The summons and complaint in this cause were served by the plaintiff upon the defendant. The defendant did not appear therein, and a judgment by default was entered against him on an affidavit of service made by the plaintiff on the 15th of January, 1855.

The defendant moved to set aside the judgment, on an affidavit in which he admitted the service of the papers, and upon the ground that the plaintiff could not serve the process.

The motion was denied, and the defendant now appeals to the general term.

The defendant contends that the court had no jurisdiction in consequence of the defective service, and, therefore, the judgment is void.

If this view is correct, the appeal should be sustained. I do not consider the law so to be. This court had jurisdiction both of the subject matter and the person, and the mode of service has nothing to do with the question of jurisdiction where the proceedings are in a court of general jurisdiction. The irregularity arises, in this case, not from the want of service, but from the mode of making it. In such a case a defendant should appear only to make the objection, and move to set aside the proceedings. If he neglect to do so, he is to be deemed to have waived the objection. We so held in regard to an irregular summons in the Marine Court. (*Coit* v. *Messure*, July, 1835 ; see, also, 4 Comst. 374.)

I see no reason to change the views I entertained when the motion was made ; and as the defendant's motion is solely on the ground of irregularity, he was not entitled to any relief for that cause.

The order appealed from affirmed.