524     FILKINS *v.* O'SULLIVAN *et al.*     [Sept. T.

Opinion of the Court

The action of the court was clearly warranted by the statute, and its judgment must be affirmed.

*Judgment affirmed.*

## CLARISSA FILKINS

*v.*

## DANIEL O'SULLIVAN *et al.*

1. SERVICE OF SUMMONS—*can not be made by plaintiff.* A party to a suit can not serve his own writ, and where the writ is served by a person not an officer, deputized by the sheriff, and bearing the same name as that of one of the plaintiffs in the action, and nothing appears to the contrary, this court will presume, from the identity of names, that the person serving the writ was the party plaintiff, and the service will not be good.

2. SAME—*when made by special deputy, return must be sworn to.* The statute requires, that when service of summons is made by a special deputy, he shall make his return verified by oath; and when service is made by such special deputy, and the return is not so made and verified, and a judgment is rendered against the defendant by default, he can take advantage of the failure of the deputy to comply with the statute in the Supreme Court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Messrs. HAINES & TRIPP, for the plaintiff in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a writ of error to the circuit court of Cook county, and the only point made on the record necessary to be considered is, that the circuit court had no jurisdiction of the person of the defendant, so as to render a judgment against him.

The action was assumpsit, against plaintiff in error, on her guaranty endorsed on a promissory note, and a judgment was taken against her by default, and the point is made there was no service of process on her.

It appears the writ was served, not by the sheriff or other officer, but by a person deputized by the sheriff, bearing the same name as that of one of the plaintiffs in the action, and, nothing appearing to the contrary, this court will presume the person who served the summons was the party plaintiff, from identity of names. *Brown, impleaded, etc.* v. *Metz,* 33 Ill. 339. A party to the suit can not serve his own writ. *Woods* v. *Gilson,* 17 ib. 218.

Another objection is, the return was not sworn to as the statute requires. There is no affidavit of any kind attached to the return. The statute provides that such special deputy shall make return of the time and manner of making such service, in writing, verified by his oath or affirmation, made before some officer competent to administer oaths. Sess. Laws 1869, p. 399, sec. 1.

The judgment being by default, advantage can be taken here of this failure to comply with the statute. The court had no jurisdiction of defendant's person. *Noleman* v. *Weil,* 72 Ill. 502—a case in all respects like this.

The judgment is reversed.

*Judgment reversed.*