JOHN L. DYSON, ADMINISTRATOR, *v.* J. J. BAKER ET AL.

1. ATTACHMENT.  *Service by interested party.*      .

A party cannot execute a writ in his own case. The levy of a writ of attachment on land by the plaintiff, who has been specially deputized by the sheriff, should be vacated on motion. Our statutory provision, that, where the sheriff is interested, the coroner shall serve the writ, is but a legislative recognition of the common law, and intended to designate the officer to act in such cases. Neither an interested sheriff or deputy-sheriff, nor a general or special deputy whose principal is interested, can serve the writ.

2. SAME.  *Judgment void in part. Reversal and practice.*

In an attachment suit a void levy was made on land, and garnishees were properly summoned. Afterwards the defendant died before service on him. Judgment was rendered, condemning the land, as well as the debts admitted by the garnishees in their answers. *Held*, that, the judgment being not divisible, the erroneous condemnation of the land vitiated it entirely, but that the court had jurisdiction by service on the garnishees. The judgment was therefore reversed and cause remanded, with directions that, should a new trial result in verdict for the plaintiff, a judgment should be rendered condemning the amounts due by the garnishees alone.

3. SAME.  *Death of defendant after levy of attachment and before personal service. Appearance by his administrator. Sect.* 1486, *Code* 1871.

Where a writ of attachment has been executed by summoning garnishees, and the defendant afterwards dying without having been personally summoned, his administrator appears and pleads to the merits, § 1486, Code 1871, authorizes a judgment of condemnation of the amounts due from the garnishees.

4. EVIDENCE.  *Set-off. Account. Copy.*

In a suit by a partnership, a copy of an account (the original of which, in the handwriting of the senior member of the firm, found among the defendant's papers after his death, showed an indebtedness by the firm to the defendant) is not competent evidence to prove a set-off. *Semble*, that the original account would be competent.

5. SAME. *Books of accounts. Proof of correctness. Production necessary.*
    The testimony of a merchant's clerks, in an action on an account, as to the general correctness of the plaintiff's mercantile books, and that the account is a faithful transcript therefrom, is incompetent on the ground that the books should be produced or their loss established; but the testimony of the clerks, of their personal knowledge independent of the books, is competent.

6. SAME. *Objections to evidence. When made.*
    A motion by the defendant to exclude testimony as incompetent is in time, if made as soon as the objectionable testimony is closed, and simultaneously with the closing of the plaintiff's case. The objection should be seasonably made, as soon as practicable after the incompetency is fully developed. Within that rule much must be left to the discretion of the presiding judge.

ERROR to the Circuit Court of Holmes County.

Hon. W. B. CUNNINGHAM, Judge.

On March 10, 1873, this writ of attachment, sued out by J. J. Baker & Brother against J. H. Carter, was levied by J. J. Baker, one of the plaintiffs specially deputized by the sheriff, on certain lands, as the property of the defendant, and was by the sheriff personally served on James Morris and W. A. Drennan as garnishees. Process against the defendant was returned, " J. H. Carter is dead. April 2, 1873 ; " and the suit was revived by *scire facias* against J. L. Dyson, his administrator.

To the declaration, which was on an open account for $4,500, the administrator pleaded the general issue and payment, with notice of set-off, and a bill of particulars ; and issue was joined on the latter plea. The garnishees answered, admitting an indebtedness to Carter of $2,792.

The defendant moved to set aside the levy on the land, on the ground that it was made by a party to the suit. This motion was overruled, and the defendant excepted.

On the trial before the jury, the plaintiffs, to prove the account sued on, introduced two witnesses, clerks of J. J. Baker & Brother, who testified that the books of said firm were correctly kept; that the account sued on was properly transcribed therefrom ; that as to portions which they identified of the account they personally knew of the transactions ; and that accounts had been, by them, from time to time, made out,

embracing those parts of the account sued on, and presented to Carter, who did not object to them. The plaintiffs here rested their case. The defendant, by attorney, then moved the court to exclude the testimony of the two clerks relative to the account sued on, because the books had not been introduced, or shown to be lost or destroyed. This motion was overruled, and the defendant excepted.

The defendant offered to prove his bill of particulars, filed as a set-off, by a copy of an account, the original of which had been rendered by the plaintiffs to Carter, and was found among his papers after his death, with testimony to the effect that the original account was in the handwriting of J. J. Baker. To the introduction of this copy and testimony the plaintiffs objected. The objection was sustained, and the defendant excepted.

Verdict for $4,177.50 was rendered for the plaintiffs; a motion for new trial was made and overruled, and judgment was entered on the verdict against the defendant, to be levied of the goods and chattels of his intestate, Carter, with an order for the sale of the land, and the recovery, condemnation and application to the judgment of the money in the hands of the garnishees.

*W. A. Drennan, J. E. Gwin*, and *Allen & Dyson*, for the plaintiff in error.

1. The levy of the attachment writ, by a plaintiff, on the land, was void, and should have been set aside on motion. Code 1871, § 257; *McLeod* v. *Harper*, 43 Miss. 42.

2. The defendant Carter having died before service of the writ upon him, the suit was thereby abated; and the judgment, being against a dead person, was void. Code 1871, § 1486; *Holman* v. *Fisher*, 49 Miss. 472; 7 Mo. 421; 13 Mo. 446; 10 Met. 320; 7 La. Ann. 39; *Wells* v. *Brander*, 10 S. & M. 348.

3. The account and testimony offered to prove the set-off should have been admitted. Story on Promissory Notes, § 11.

4. If the plaintiffs undertook to prove their account by the books, it was incumbent on them to produce the books, or account for their non-production. The testimony of the clerks was inadmissible. 41 Miss. 74; 44 Miss. 721.

*Frank Johnston,* for the defendants in error.

1. The objection to the evidence offered to prove the account sued on came too late. It was not made until the plaintiffs had closed their case. *Skinner* v. *Collier,* 4 How. (Miss.) 396; *Edge* v. *Keith,* 13 S. & M. 295; 12 S. & M. 130; 12 S. & M. 568.

2. The return on the writ of attachment was not bad, because Baker, who levied it on the land, was plaintiff. Code 1871, § 257. This disqualification is purely statutory.

3. The levy on the land was not necessary to give the court jurisdiction. Two garnishees were summoned, and answered, admitting indebtedness. The judgment is good so far as they are concerned.

4. The defendant having been alive at the time the attachment writ was levied on the land and the garnishees summoned, his subsequent death did not abate the suit. *Philips* v. *Hines,* 33 Miss. 163; *Saunders* v. *Columbus Life Ins. Co.,* 43 Miss. 583; 12 S. & M. 622; 4 S. & M. 579; 10 S. & M. 348.

The learned counsel then reviewed the cases cited on this point in the argument of opposing counsel, contending that, owing to the statutes on which they were based, and the facts in those cases, they were inapplicable to the case at bar. He then called attention to the following decisions, reviewing them at length, and applying them to this case. *Fitch* v. *Ross,* 4 S. & R. 557; *Thacher* v. *Bancroft,* 15 Abbott's Pr. 243; *More* v. *Thayer,* 10 Barb. 258.

5. The copy of the account offered in evidence by the defendant as a set-off was clearly inadmissible. Had the original paper been produced, it bore no relevancy to the case, and was inadmissible. 10 S. & M. 590; 4 S. & M. 312; 39 Miss. 324.

6. The suit was revived against the administrator of the defendant Carter, who came in and defended. The force of the objection, that summons was not served on his intestate, is not therefore perceived. The only object of the summons was to notify him of the suit.

CHALMERS, J., delivered the opinion of the court.

The motion made in the court below to vacate the return

on the writ of attachment levied on the land should have been sustained. The writ was executed by one of the plaintiffs in person, he having been specially deputized by the sheriff. An interested party cannot execute a writ in his own case. Our statutory provision, that, in cases where the sheriff is interested, all process shall be directed to and served by the coroner, is only a legislative recognition of a common-law principle, and is intended mainly as a designation of the proper officer to act in such cases. Without this provision the sheriff would not be competent to serve such writs. The prohibition extends to a deputy-sheriff, both in cases where his principal is interested and in cases where he is individually interested. *Boykin* v. *Edwards*, 21 Ala. 261; *Evarts* v. *Georgia*, 18 Vt. 15; *Lyman* v. *Burlington*, 22 Vt. 131; *McLeod* v. *Harper*, 43 Miss. 42. It will, of course, on the same principle, apply to a private person specially deputized.

There was no personal service in the case at bar, the defendant having died before it could be obtained; and we should therefore reverse the judgment and dismiss the case, but for the fact that the attachment writ, besides being levied by a plaintiff in person on a tract of land, was on the same day properly served by the sheriff of the county on two persons as garnishees, both of whom answered, acknowledging indebtedness, and against whom judgment was rendered, together with a judgment of condemnation of the land attached. A judgment at law, being an entire thing, is not divisible, and therefore the erroneous condemnation of the land vitiates the judgment against the garnishees, and will necessitate a reversal of the case. Inasmuch, however, as the court below obtained jurisdiction by the lawful service upon the garnishees, and the case must therefore be retained and remanded for new trial, it becomes necessary to notice some of the points raised on the former trial.

We must first, however, dispose of the suggestion made by the appellant, that the suit must be abated, because the defendant, the appellant's intestate, died before personal service of process upon him. The point arises under § 1486 of the Code of 1871, which provides that, "If the defendant shall die *after* service of the writ of attachment, the action shall not thereby

be abated or discontinued, but shall be carried on to judgment, sale and final determination, as if the defendant were still alive; and all proceedings and deeds in such cases are hereby declared to be valid and effectual." It is insisted, inasmuch as this statute only authorizes the attachment proceedings to be continued where the defendant dies *after* service, that therefore where he dies *before* service they must abate. This is undoubtedly a sound rule of construction; but in the case at bar the writ of attachment was served by summoning the garnishees before the death of the defendant, and it was only the personal writ of summons that failed of service in consequence of the defendant's death. After his death his administrator came in and pleaded to the merits. Trial being had upon these pleas, which resulted in a verdict for the plaintiffs, a general judgment was rendered, as also a judgment of condemnation of the property attached. It was erroneous to condemn the land for the reasons above indicated. The judgment was, however, good as to the amounts due from the garnishees.

The court below did not err in excluding the set-off offered by the defendant. It consisted of a copy only of an account, the original of which had been found among the defendant's papers after his death. It was in the handwriting of J. J. Baker, the senior member of the plaintiff firm, and showed an indebtedness by the firm to the defendant of $1,775. Had this original account in the handwriting of Baker been produced, it would have been competent evidence; but it was improper to introduce a copy of it.

The plaintiffs having attempted to establish the correctness of the accounts sued on by the testimony of their clerks, who testified as to the general correctness of their mercantile books, and that the accounts were faithfully transcribed therefrom, the defendant moved to exclude their whole testimony, upon the ground that the books should have been produced, or their loss established. Had the motion been limited to such portions of the testimony only as related to the books, it should have been sustained; but it proposed to exclude the whole testimony of the clerks in relation to the accounts, and as to portions of these the witnesses testified of their personal knowledge independently of the books.

We cannot agree, however, with the suggestion of the appellee's counsel, that the motion was properly overruled because it came too late. It was made as soon as the testimony of the two clerks was closed, which was simultaneous with the closing of the plaintiffs' case. It has been repeatedly held in this State, that objections to testimony must be made when it is offered, and that it is too late after verdict to raise them on a motion for new trial. We do not understand by this, however, that objection must be made the very instant the testimony is delivered. Frequently it will occur that testimony which appears inadmissible when offered is made competent by that which follows; and, as a party is allowed to introduce his proof in his own order, his adversary may well wait until he has fully developed his case, and then move to exclude such as seems incompetent after hearing the whole. Of course, when such motion is sustained, the party should ordinarily be allowed, by the introduction of further competent evidence, to replace that which has been excluded. This question has been frequently before the courts, and is discussed at some length in the recent case of *Storm* v. *Green*, 51 Miss. 103. While no invariable rule can be laid down, it will perhaps meet the ordinary requirements of justice to say, that objections to testimony should be seasonably made as soon as practicable and convenient after its incompetency is fully developed; and that within this rule much should be left to the discretion of the presiding judge. It may frequently happen that the most advantageous period will be when the party offering the illegal testimony has closed his case.

For the errors indicated, the judgment is reversed and cause remanded. Should a new trial result in verdict and judgment for the plaintiffs, there will be judgment of condemnation only of the amount due by the garnishees, the attachment as to the land being void.