## TOENNIGES v. DRAKE ET AL.

Under the statutes of this state the service of a summons by a plaintiff in the cause is void, and a judgment entered in the absence of the defendant and upon such service is a nullity.

*Error to County Court of Gunnison County.*

THE facts are stated in the opinion.

Messrs. THOMAS, McDOUGAL and THOMAS, for plaintiff in error.

Messrs. ABERCROMBIE and HAWLEY, for defendants in error.

BECK, C. J.   The principal question submitted for adjudication in this case is whether, under our statute, a plaintiff can serve his own summons.

The record discloses that Drake, one of the plaintiffs below, was specially appointed by the sheriff of Gunnison county to serve the summons in this case, and that he did serve and return the same in manner specified in the Civil Code.

The provision referred to is as follows:

"The summons shall be served by the sheriff of the county where the defendant is found, or by his deputy, or by a person specially appointed by him, or appointed by a judge of the court in which the action is brought. When the summons is served by the sheriff or his deputy, it shall be returned with the certificate of the officer of its service to the office of the clerk from which the summons issued.   When the summons is served by any other person, as before provided, it shall be returned to the office of the clerk from which it issued, with the affidavit of said person of its service."   Civil Code Comp. 1883, page 13, sec. 39.

It is provided in the General Statutes that whenever the sheriff shall be a party to a cause, or whenever an

affidavit is made and filed with the clerk, by a party to a litigation, that he believes the sheriff would not, by reason of partiality, prejudice, consanguinity or interest, faithfully perform his duties in any suit, the coroner shall execute process of every kind therein. General Statutes 1883, secs. 613, 614.

The plaintiff not being prohibited from serving his summons by the express letter of the statutes, it is contended that the authority conferred upon a sheriff to specially appoint a person to serve the writ authorizes him to appoint the plaintiff in the action.

We do not think this position is sound. Our statute, when its several provisions are considered together, is found to be but declaratory of the common law rules upon the subject. Under these rules all writs and processes were regularly delivered to the sheriff for service, and he was sworn to execute the same without favor, dread or corruption.

Nevertheless, if the sheriff was partial, by reason of consanguinity or affinity, or if he was under the power of either party, or if he was himself a party to the action, so that he could not be presumed indifferent in the service and return of the writ, the process was directed to the coroner. If the coroner was partial or not indifferent in the matter, two persons called elisors, against whom no cause of challenge existed, were named by the court to execute the process. 8 Bacon's Abr. pp. 689, 690.

A careful consideration of the various provisions of the statutes of this state renders it apparent that it was the intention of the framers to insure to litigants the same rights that were secured by the rules of the common law, to wit: that all process be served by disinterested and impartial officers or persons. This intention would certainly be defeated by the construction contended for.

It is clear, upon principle, that the same causes which should disqualify a sworn officer from serving a writ should equally disqualify a private person.

It would involve an absurdity to say that a party to a suit shall be protected against the presumed partiality of a regularly commissioned and sworn officer of the court, arising either from his interest in the subject-matter of litigation as a party thereto, or from other causes, and at the same time be exposed to the partial, prejudiced or corrupt official action of any other person or party obnoxious to the same objections.

The statute does not say that a plaintiff may execute his own writ, and principle, reason and authority alike forbid such a construction.

The code of Mississippi (Revised Code 1871, sec. 257) provides that if the sheriff be a party or interested in any suit, or for other just cause is rendered incapable or unfit to execute his office in any particular case, the coroner shall perform the duties of sheriff, and execute all writs.    Under this statute, in the case of *Dyson v. Baker*, 54 Miss. 24, wherein a plaintiff had been specially deputized by the sheriff to execute a writ of attachment in his own case, the court held that both the officers of the court and private persons were disqualified to execute process in cases wherein they were parties or interested.

The case of *Filkins v. O'Sullivan*, 79 Ill. 524, is very similar, in all respects, to the one under consideration.

The statutes of Illinois of 1869 (Laws 1869, p. 399) authorized the sheriff to appoint a special deputy to serve any process issuing out of a court of record, by indorsing the appointment on the writ.

The person so appointed was required to serve the writ by reading the same, and delivering to the defendant a copy thereof, and the return was to be made under oath.

The plaintiff in the above case was deputized to serve the summons.    The court said this was error; that a party could not serve his own writ.    On account of this error, and of a defective return of the writ, it was held that the court below acquired no jurisdiction of the person of the defendant.

Counsel for defendants in error in the present case call our attention to the fact that the provisions of the New York code forbid a party to the action to serve a summons in any case. They then cite the cases of *Myer v. Overton*, 4 E. D. Smith, 428, and *Hunter v. Lester*, 18 How. Pr. p. 347, as establishing the doctrine that if a plaintiff *does* serve his own summons, it is only deemed an irregularity, and is cured by judgment.

We cannot approve this doctrine. Where a plaintiff is disqualified by statute to perform an official act necessary to give the court jurisdiction over the person of the defendant, as in cases referred to by counsel, to hold that if he does perform such act, and the court proceeds in the absence of the defendant to render judgment by default against the defendant, the defect is cured and the judgment must stand, would seem to fritter away, by construction, the protection against frauds intended to be secured to suitors by the statute.

The last mentioned cases hold, however, that if the defendant appears before judgment and moves to quash the return, limiting his appearance for the purposes of the motion, the error may be corrected.

That was the course adopted by the defendant below in this case, and the refusal of the court to quash the return of service is the principal error assigned. This ruling would seem to have been erroneous even under the authority just cited.

We are of opinion that the service of a summons by a plaintiff in the cause is void, and that a judgment entered in the absence of the defendant and upon such service is a nullity.

The judgment is reversed and the cause remanded, with instructions to the clerk of the court below to issue an *alias* writ of summons.

*Reversed.*