BRETTELL v. DEFFEBACH *et al.*

1.  While, as a general rule, none but parties to a judgment can have it set aside, a real party in interest alone prejudiced by a judgment rendered by default in an action to which he was not made a party has a standing in court that entitles him to move to have such judgment vacated and set aside, on the ground that there was no service of the summons sufficient to give the court jurisdiction of the person of the nominal defendants, and that the case was not prosecuted with reasonable diligence.

2.  Where the only proof that a summons purporting to have been lost or destroyed was ever served upon a defendant, who is in default, consists of an affidavit made by the plaintiff in the action, in which he states that said summons was served upon defendant personally by one H. more than seven years and six months prior to the making of such affidavit, and there is nothing in the affidavit nor record showing affiant's means of knowledge, or relating in any manner to the particulars of the loss or destruction of the summons, or excusing the delay in making a return thereon, or explaining why said proof of service was not originally made by the affidavit of the party who served the summons, *held*, to be secondary in its nature, without proper foundation as to admissibility, uncertain, if not hearsay, in its character, and withal ineffectual as proof of such service, and therefore insufficient to confer upon a court jurisdiction of the person of the defendant. CORSON, P. J., dissenting.

3.  In an action against joint claimants and purported owners of real estate to obtain the exclusive possession of and title thereto, a judgment by default, granting such relief, and quieting the title to such property

in plaintiff as against the defendants jointly, one of whom was never served nor appeared in the action, is erroneous, and should be set aside on motion.

(Syllabus by the Court.  Opinion filed Oct. 2, 1894.)

Appeal from circuit court, Lawrence county.  Hon. CHAS. M. THOMAS, Judge.

Action involving the right of possession of certain mining property.  From an order setting aside a judgment obtained therein by default plaintiff appeals.  Affirmed.

The facts are stated in the opinion.

*Granville G. Bennett*, for appellant.

An application to set aside a judgment cannot be made by a stranger to the record.  Freeman Judg. § 91; Seyniour v. Board, 40 Wis. 62; Gere v. Gundlack, 57 Barb. 15.  Before a third party can come into a suit he must show such an interest in the subject matter as will entitle him to be heard either by an affidavit of merit or petition to be let in to prosecute or defend the action.  Johnson v. Milwaukee, 40 Wis. 314; Hovey v. Clifford, 42 Wis. 561.  The service of a summons by a party is a mere irregularity which cannot be taken advantage of after judgment.  Hunter v. Lester, 10 Abb. Pr. R. 260; Myers v. Overton, 2 Abb. Pr. 344.

*Martin & Mason*, for respondents.

An application by motion to the court which rendered the judgment, is the proper method of procedure to open or set aside a judgment.  1 Black. Judg. §§ 94 and 303; Freeman Judg. § 95; 12 A. Eng. Enc. Law, 132; Black v. Black, 43 N. W. 702; Actua v. Aldrich, 38 Wis. 107.  In a default judgment, when directly assailed the record must affirmatively show the existence of every material fact necessary to give the court jurisdiction.  3 Ency. Law, 496; Wilkman v. Chilson, 71 Wis. 131; 36 N. W. 836; Hall v. Graham, 46 Wis. 553; Eltzroth v. Voris, 74 Ind. 459; Lyons v. Cunningham, 4 Pac. 938; Schloss v. White, 16 Cal. 65.  A recital or finding in a judgment of "due service" is controlled by a return which shows that ser-

vice is not due.   Settlemeiver v. Sullivan, 97 N. S. 447; Hemmer v. Wilfer, 11 N. E. 886; Bolsford v. O'Conner, 57 Ill. 72. An irregular default will be set aside without regard to merits. 5 Enc. Law, 496.   Proof of service or publication must be made by party designated in the statute.   Pennoyer v. Neff, 95 N. S. 721; Steinback v. Leese, 27 Cal. 295; Neff v. Pennoyer, 3 Law 274; Doty v. Berea, 15 S. W. 1063.   Service by a party to an action is a nullity. Cooley Torts, 222; Foemuges v. Drake, 4 Pac. 790; Filkins v. Sullivan, 79 Ill. 524; Bush v. Meacham, 19 N. W. 192; Comp. Laws, ¾ 4899.   The proof of service of the summons should state that it was left with the defendant. McMullin v. Mackey, 6 N. Y. Supp. 885; Hall v. Graham, 49 Wis. 553.   The party making the service in his return must state that he knew the party served to be the defendant mentioned as defendant.   Grantier v. Rosecrance, 27 Wis. 488; German v. Decker, 74 Wis. 556.   Upon admission of service there must be some proof of the genuineness of the signature. Waits N. Y. Code, § 138; Litchfield v. Burwell, 5 How. Pr. 342; Alderson v. Bell, 9 Cal. 321; 5 Enc. Law, 481.

FULLER, J.   This is an appeal from an order of the circuit court, made and entered on the 30th day of June, 1890, vacating and setting aside a judgment by default rendered in said court on the 1st day of July, 1889, in an action purporting to have been instituted on the 1st day of November, 1880, involving the right of possession and ownership of certain mining property situated in that portion of Lawrence county designated as the "Whitewood Quartz-Mining District."   Nothing to indicate that a suit was pending was ever filed in court until more than 7½ years after the commencement thereof, and on the 2d day of May, 1888, plaintiff made and presented to the court an affidavit to the effect that the summons was personally served upon the defendants Deffebach and King, by one J. W. Handlin, on the 1st day of November, 1880, and that said summons had been destroyed or lost.   Upon this affidavit, and the

affidavit of defendant Deffebach, that said summons was served upon him by said Handlin on the 1st day of November, 1880, it was ordered by the court that a copy of said summons annexed to such affidavit be substituted for the original summons, and that the same be filed as a record in said action.    On the 1st day of July, 1889, a judgment by default was entered, awarding the possession of the property described in the complaint to, and quieting the tittle thereof in, plaintiffs as against defendants, and each of them, and their successors in interest. Within a year thereafter, and on the grounds that there is no proof that the summons was ever served, and that the case has not been prosecuted with reasonable diligence, the respondent Milliken moved the court to vacate and set aside said judgment by default, and in support of such application submitted the records and files in the action, together with his affidavit, the recitals of which, so far as material, will be discussed in the opinion.    It appears from the record and the affidavit of respondent above referred to that defendants, on the 4th day of August, 1880, filed in the United States land office an application for a patent to a portion of the property claimed by plaintiff by virtue of certain work done and improvements made thereon as provided by the United States land laws, on the 20th day of June, 1877, and subsequently thereto; that respondent Milliken purchased at judicial sale defendant King's interest in that portion of the property in controversy known as the ''May Belle Mining Claim,'' and secured a sheriff's deed therefor on the 14th day of December, 1882; that on the 18th day of July, 1882, defendant Deffebach deeded his interest in the property to his wife, Elizabeth J. Deffebach, and on the 29th day of September, 1887, she transferred the same by deed to the respondent, who thus succeeded to whatever interest defendants Deffebach and King then had in said property, and on the 19th day of October, 1887, after receiving a certificate from the clerk of the district court that no suits were then pending against said property, and after filing in the United States land office, as

required by a rule of the department, a certified copy of a judgment of the district court dismissing a certain suit which had been previously instituted by this plaintiff affecting the property in question, he entered said May Belle claim in the United States land office, and paid the receiver of said land office $30 in full for all the land embraced within the limits of said May Belle claim, and obtained a receiver's receipt therefor; that nothing further was done in the premises until Janury 12, 1888, when W. H. Jones, Esq., clerk of the district court, certified that two suits were pending against the May Belle claim, one of which was based upon the Rochester mining claim, and the other upon the Father Abraham mining claim. Attached to and made a part of respondent's affidavit is a certificate of the clerk relating to facts connected with the making of said certificate of suits pending, from which we copy the following: "In United States Land Office, Deadwood District, Dakota. In the matter of Lode M. E. No. Made by James Milliken. Certificate, Clerk Court. Territory of Dakota, County of Lawrence—ss.: I, W. H. Jones, do hereby certify that I am the clerk of the district court of the first judicial district, territory of Dakota, in and for Lawrence county, and also of the United States district court for the same district, and have been such clerk since. That the certificate of suit pending in this matter, given by me on January 12, 1888, was signed at the request of George E. Brettell and Wm. H. Parker, his attorney, upon the following evidences of suit pending, and none others: (1) Messrs. Brettell and Parker, on or before Jan. 12, 1888, showed me the private docket of cases kept by Gilber B. Schofield, Esq., now deceased, formerly one of the attorneys for the owners of the Father Abraham and Rochester mining claims, in which docket was entered (a) the case of George E. Brettell *et al.* vs. Elisha Riggs, together with an unverified notation of his own that the papers therein were served on August 20, 1880, without stating by whom or in what manner; (b) the case of George E. Brettell *et al.* vs. Erasmus Deffebach, together with an un-

verified notation that the papers therein were served on November 1, 1880, without stating by whom or in what manner; (c) the case of George E. Brettell *et al.* vs. Erasmus Deffebach, together with an unverified notation that the papers therein were served on November 1, 1880, without stating by whom or in what manner; but that I saw none of these papers in any of these cases at that time, and no such papers had been theretofore·on file in my office, so far as I could find after an exhaustive search. That there was nothing in the private office dockets referred to to indicate the nature or subject-matter of any of these cases. (2) Upon January 11 or 12, 1888, W. H. Parker, Esq., attorney for Brettell *et al.*, paid to me, the clerk of court, filing fees in each of the above-named cases, which had not theretofore been paid, and requested that they be docketed, and placed upon the calendar of this court. (3) On January 13, 1888, Messrs. Brettell and Parker, in accordance with the promises made by them at the time of obtaining my certificate of suits pending, filed in my office a complaint entitled * * * 'George E. Brettell, Plaintiff, vs. Erasmus Deffebach and John King, Defendants,' signed by Parker & Schofield, attorneys for plaintiff, which had never theretofore been filed, bears no date whatever, and bears upon it, or with it, no proof or admission of its ever having been served upon any parties. This is the only paper in this case, so far as I can ascertain, on file in my office. There is no summons in the case, and no proof or admission of service thereof, or of any other paper therein. This complaint alleges that the plaintiff is the owner and entitled to the possession of the Rochester lode; that defendants claim some interest therein, adverse to plaintiff, by virtue of the May Belle claim; that defendants filed application for patent to the May Belle lode on August 4, 1880; that, on the 2d day of October, 1880, plaintiff duly filed his protest and adverse claim in said land office, and that this action is brought to determine the right of possession to said property; that the words '2d' and 'October' last above are filled in with a

different kind of ink from the body of the complaint, are of a fresher appearance, and in a different hand."

On the 27th day of July, 1888, respondent Milliken, appearing specially by his attorneys, Martin & Mason, moved the court on affidavits, the files and records, and certain certificates, to dismiss the summons and complaint filed on the 11th or 12th day of July, 1888, on the following specified grounds: "(1) The court has no jurisdiction of the so-called 'action,' for the reason, among others, that there is no proper proof nor service of the so-called 'summons' or 'complaint,' or either of them. (2) The so-called 'suit,' if any such were ever instituted, has long since been abandoned and lapsed by failure to prosecute the same with reasonable diligence, and failure to file any papers in the office of the clerk of said court, as provided by statute and the rules of this court. (3) The so-called 'suit' cannot now be instituted, restored, or maintained, for the reason that the property referred to in the so-called 'summons' and 'complaint' has long since passed into the hands of the undersigned purchaser in good faith for value, to-wit, the said James Milliken. No *lis pendens* having been filed in the office of the register of deeds, as required by law, and the said Milliken having no notice whatever of the pendency of the so-called or pretended action. (4) The said suit, if permitted now to be instituted or revived, would tend to cast a cloud upon the title of the said James Milliken, and unjustly compel the institution of a multiplicity of suits to clear his said title from the cloud so sought to be cast upon it." Although due service upon plaintiff of all the moving papers was admitted by his attorney on the 27th day of July, 1888, the matter was never heard and disposed of, and on the 1st day of July, 1889, the judgment of which respondent complains was rendered without notice to him of an application therefor. While we have omitted, for the sake of brevity and conciseness, numerous exhibits, and an affidavit of plaintiff used in resisting the motion to vacate and set aside the judgment, and have not attempted to embrace

herein more than a synopsis of respondent's showing in favor of said motion, the entire record has been kept in constant view, and will receive our careful consideration in determining this appeal.

Had the action of the trial court in vacating and setting aside the judgment by default been predicated upon a similar showing at the instance of the defendants named in the action, we are disposed to say without hesitation that the order would be within the scope and exercise of a sound judicial discretion, and should be affirmed. It is therefore important to consider and determine whether, under the circumstances of this case as disclosed by the record, a person who was not a party to the action, but the real party in interest at the time the judgment was obtained, can move to have the same vacated and set aside. Under a provision of our statute, a transfer by defendants Deffebach and King of their interest in the subject of the suit would not abate the action, but the same could either proceed and continue in the name of the original parties, or the court could allow the respondent Miliken to be subsituted for such defendants; and, in either event, as the real party in interest, he would have the right, in our opinion, to protect such interest and conduct the defense in all respects the same as the original parties might have done. Comp. Laws, § 4881. Although firmly convinced that disinterested intermeddlers should never be permitted to disturb society and encourage litigation by undertaking to overturn adjudications to which the original parties make no objection, we are disposed to believe that the real party in interest, to whom property in litigation has been transferred, and who is entitled, under the statute, to be substituted in the action, for the purpose of making an effort to avoid a prejudicial judgment, can move, and in a proper case secure, the vacation of a judgment of that character. Freem. Judgm. (3d Ed.) 92; Insurance Co. v. Aldrich, 38 Wis. 107; 12 Am. & Eng. Enc. Law, 130, and cases there cited.

Returning to the irregularities of which respondent complains, and upon which he measurably relies to sustain the

action of the trial court in vacating and setting aside the judgment, we observe that the proof of service upon which the court ordered a copy to be substituted for the original, summons, so far as the same relates to or affects the defendant King, consists solely of an affidavit made by the plaintiff on the 30th day of April, 1888, in which he states, in substance, that the summons was served upon the defendants personally by one John Handlin, on the first day of November, 1880, and that said summons was lost or destroyed. Our statute provides that any person not a party to an action may serve the summons, but the summons must be served, and returned with proof of such service, with all reasonable diligence. Comp. Laws, § 4899. In this case there is nothing to indicate that the original summons was ever returned, either with or without proof of service; neither is there anything in plaintiff's affidavit upon which the order was made, substituting a copy of the summons for the original, or in the record any where, excusing the person who served the summons from returning the same, with proof of service, within a reasonable time, and under a statute expressly requiring such proof to be made by the affidavit of the person serving the summons, and prohibiting a party to an action from serving such summons, the authority of a plaintiff to make proof of service in any event may well be doubted; and, in the absence of an effort to procure proof of service to be made by the person serving the summons, and upon a mere statement that the summons was lost or destroyed, an affidavit of a party to an action, purporting to specify the particular acts and proceedings of another person relative to the service of such summons 7½ years prior thereto is without proper foundation as to admissibility, secondary in its nature, and of necessity uncertain, and therefore ineffectual as proof of such service, and insufficient to confer jurisdiction upon a court of the person of the defendant. Comp. Laws, §§ 4899–4903; Doty v. Berea College (Ky.) 15 S. W. 1063. For the purpose of preventing frauds, and perhaps feuds, none but impartial and disinterested

officers and persons were allowed to serve an original jurisdictional process at common law, and the legislature has in no manner changed the rule in this state. If an officer, bound by a solem official oath, and required to give a bond for the faithful and impartial performance of his official duties, is by the statute of this state prohibited from serving a summons and making proof of such service when a party to an action, why should a private person, prohibited from serving the summons because a party to the action, be permitted to make proof of such service? There is no difference in principle, and, in our opinion, that which disqualifies an officer disqualifies a private person, and the question can be raised on a motion to vacate and set aside a judgment by default. Toenniges v. Drake (Colo. Sup.) 4 Pac. 790; Cooley, Torts, 222, 223; Filkins v. O'Sullivan, 79 Ill. 524; Busch v. Meacham (Mich.) 19 N. W. 192. Under our view of the case, it is not important to consider the legal effect of defendant Deffebach's affidavit, made many years after he had parted with his interest in the subject of the suit, in which he states that the summons was personally served upon him by J. W. Handlin on the 1st day of november, 1880. We are disposed to conclude that in an action against joint claimants and purported owners of real property, instituted by a plaintiff to obtain the exclusive possession of and title to said property, a judgment granting such relief against the defendants jointly, one of whom was never served or appeared, in the action, is erroneous, and should be set aside on motion. 5 Am. & Eng. Enc. Law, 474; 1 Black, Judgm. §§ 82, 315, 209, 211. The motion to set aside and vacate the judgment was made and determined within a year after the same was entered, and, while the action of the court in exercising its discretion is fully sustained on the merits as disclosed by the record, we deem it unnecessary to extend this opinion by a discussion thereof, and the order from which this appeal was taken is affirmed.

CORSON, P. J. (*concurring specially*). I concur in the decision of the court affirming the order vacating and setting aside

.the judgment in this case, but I do not agree with the majority of the court as to the grounds upon which the decision is based. The rule is well settled that in granting or denying a motion to set aside a judgment entered by default the court exercises a discretion that will not be reviewed by this court, unless it can be seen that there has been an abuse of such discretion.   I fully agree with  the statement made by the learned counsel for re- spondent in their brief, as follows: ''If the foregoing grounds are not well taken there is certainly here  sufficient showing of 'inadvertence' or 'suprise' to justify the action of the court be- low  in setting aside this judgment, the motion therefor having been made and  determined  within one year after notice of the judgment.   The affidavit upon which  the  motion was based states that 'affiant is informed by his attorney and beleives that he has a good defense on  the  merits' to each of the  cases in .which judgment was  rendered.   It also states facts showing · that he was a purchaser of the premises involved in good faith, for value, and without notice of these pretended suits, and sets up a statutory waiver on the  part of appellant of his adverse claim.   This, it would seem, ought to be a sufficient showing of merits to justify the court below, in the exercise of its discretion, in the vacating of these judgments.   Certainly this court can- not say from the record that there was an abuse of that discre- tion.''   But the court, as I understand the decision, places the affirmance of the order upon the ground that the proof of the service of the summons was insufficient to sustain the judgment. It appears from the record that the original summons was lost, and a motion was made to substitute a  copy  of  the summons, and two affidavits were presented to the court, one made by the plaintiff in the action, and one by a codefendant, Deffebach. These affidavits are as follows:

(Title and Venue.)   ''George E. Brettell, being duly sworn, deposes and says that he  is the. plaintiff in  the above-entitled cause; that the summons in  this  action  was personally served upon Erasmus Deffebach and John King, defendants herein, on

the 1st day of November, A. D. 1880, by J. W. Handlin, a citizen of the United States above the age of twenty-one years; that said Handlin was not, at the time of said service, nor is he now, interested in, or a party to, the above entitled action; that said service was made by delivering to the said defendants personally, in the city of Deadwood, in said county and territory, a copy of said summons, of which the annexed is a true copy; that the original summons in said cause has been lost or destroyed; that no notice of retainer, appearance, answer, or demurrer was at any time served on plaintiff or his attorneys, Parker & Schofield. Wherefore affiant prays that an order may be made by the court directing that the said copy of said summons be substituted for the original, and filed as a record in said cause in the office of the clerk of said court. George E. Brettell.

"Subscribed and sworn to before me this 30th day of April, A. D. 1888. Robert C. Hayes, Notary Public. [Seal.]"

(Title and Venue.) "Erasmus Deffebach, being duly sworn according to law, deposes and says: That he is one of the defendants in the above-entitled cause; that the summons in said action, a copy of which is hereto attached, was served on this affiant on the 1st day of November, A. D. 1880, by J. W. Handlin, at the city of Deadwood, in said county and territory, by delivering to and leaving with affiant a true copy thereof; that defendants did not employ attorneys to defend said suit, or appear in said action, or make any defense thereto, but permitted the same to go by default. Erasmus Deffebach.

"Subscribed and sworn to before me this 27th day of April, A. D. 1888. Robert C. Hayes, Notary Public. [Seal.]"

Upon these affidavits the court made the following order: "It is ordered that the annexed copy of summons in said cause be substituted for the original summons, and filed as a record in said action. By the Court. C. M. Thomas, Judge, May 2, 1888." Appellant's counsel thereupon filed the copy of summons and a complaint in the action. Subsequently counsel for

respondent Milliken gave notice of a motion to set aside the order substituting the summons, and for a dismissal of the action, on the ground that the proof of the service of the summons was insufficient. This motion is still pending and undetermined. After notice of this motion was duly served, the plaintiffs applied for and entered the judgment set aside by the order appealed from. I am of the opinion that the court, therefore, was clearly right in setting aside the judgment taken while the motion above referred to was pending. The order substituting the copy of the summons still stands unreversed or set aside. It seems to me, therefore, that it is sufficient for this court to affirm the order appealed from, leaving the other orders and motions to be determined when they are properly before us. But, as the majority of the court take a different position I will briefly state my views upon the questions discussed.

The opinion of the court seems to assume that the order of the court appealed from must have been made by the court below, upon the ground that the proof of service of the summons was insufficient, because this was the ground, "among others," of respondent's motion. The court, in its order, simply says: "It is ordered that said motion be granted, and that the judgment by default, rendered herein on the 1st day of July, 1889, be, and the same is hereby, vacated and set aside." No intimation is given of the grounds upon which the court granted the motion, and it cannot be determined therefrom upon which ground the order was made. When a court has before it all the facts in a case, I do not understand that an order setting aside a judgment must necessarily be made upon the precise grounds stated in the notice of motion. If it appears from the whole case that justice requires the judgment to be set aside, the court will exercise its discretion, and set it aside, though it may be of the opinion that the grounds relied upon were not sufficient. Assuming, however, that the court did base its

order upon the grounds stated in the notice of motion only, I do not think the order could be sustained.

It was shown that the summons was lost. Whether there was upon it an affidavit of due service of the same by the party making the service does not appear. One of the plaintiff's counsel, by whom the summons was issued, and who seems to have had charge of the case, died some years prior to the entry of judgment. Plaintiff, Brettell, seems to have known that the service was duly made, and he swears to the fact of service positively; and as to the codefendant Deffebach, he is supported by the positive affidavit made by him. I think the affidavit of Deffebach that he was duly served with the summons tends strongly to corroborate the plaintiff as to due service being made upon his codefendant, King. An action is commenced by the service of a summons. Section 4892, Comp. Laws. It is true that the statute requires that proof of service, when made by the sheriff, shall be by the sheriff's certificate; and, when made by any other person, by his affidavit. Section 4903. But in case of loss of the summons there is no statute requiring proof of such loss to be made by any particular person, or which provides that the plaintiff in the action may not be admitted as a witness to prove such loss, and the fact that the same was duly served. The plaintiff may be a witness in any case (with certain exceptions, not necessary to mention), and we know of no power in the court to exclude him, except in the specified cases. Suppose an issue was being tried as to whether or not a summons was served, could not the plaintiff testify as a witness upon such issue? I know of no rule of law that would exclude him. Or suppose, after service is duly made, the officer or person making the service dies, or leaves the county before making the certificate or affidavit of service, is the plaintiff thereby to be deprived of the benefit of the service, when he himself was personally present when the service was made, and knows all the facts attending the service? I think not. The service may be of the utmost importance, as in

the case at bar, where adverse suits are required to be commenced within 30 days after the adverse claim is filed, and in a case where the statute of limitations is about to constitute a bar to the action.   It seems to me that while, in ordinary cases, the affidavit of the party making the service is the proper proof of service upon which a court is authorized to enter judgment without further evidence of the service, such proof may be made in any form that satisfies the court in a proper case that the service has been made.      The affidavit of the party making the service years after it was made would be no more satisfactory evidence of the fact than the affidavit of the plaintiff or of the defendant served.   In fact the person serving the summons would be less likely to remember the circumstances, after years had elapsed, than the plaintiff who was directly interested in the action.      In New York it seems to have been held that even the service of the summons by the plaintiff was only an irregularity, that could be taken advantage of before judgment. Hunter v. Lester, 10 Abb. Pr. 260; Myers v. Overton, 2 Abb. Pr. 344.   I would have been better satisfied if plaintiff's affidavit had stated the reasons why the person serving the summons did not make the affidavit, but I do not think this defect invalidates the affidavit.   The fact of service, it seems to me, is sufficiently proven.   In conclusion, I will say, it seems to me that justice required that the judgment should be vacated and set aside, and that Milliken, under the circumstances shown by the record, should be allowed to become a party to the action, and permitted to interpose any defense that he may have.   But I do not think that the plaintiff should be deprived of his right to prosecute his action by reason of the loss of the original summons, which was probably due to the death of his attorney, upon the exceedingly technical ground that he could not or did not establish proof of the service by the party who served the summons.   In the absence of any absolute rule of law or statute requiring me to so hold, I cannot give my sanction to the doctrine announced by a majority of the court,

KELLAM, J. (*concurring*). I agree with the conclusion, and in the main with the views, expressed in the opinion of Judge FULLER; it being understood throughout that defendant King never appeared in any manner; and that respondent's appearance was expressly limited to the specific purpose of the motions hereinafter noticed. Judge CORSON thinks the decision ought to be put upon the ground of surprise to Milliken in the entering of the judgment while he had a motion pending to set aside the summons and dismiss the action, and not upon the ground that there was no adequate proof of service of the summons. To me there seem at least two good reasons for not putting it upon that ground: First, there is nothing in the abstract to show that the motion was made upon that ground; and, second, there is nothing to show, except by remote inference, that he was surprised. He does not say or intimate that he was. The ground of the motion upon which the judgment was set aside was primarily, as stated in the notice, "that there is no proof of service of summons herein." If the court acted upon this ground, no judicial discretion was involved. The court simply accorded Milliken a strict legal right. We are to review the action of the court, and with nothing in the whole record to intimate that discretion was involved, or that the decision was the result of its exercise, but everything, as it seems to me, that the court simply passed upon the absolute legal rights of the parties. Upon the showing of facts made it does not appear to me allowable to assume that the trial court did what it was not asked to do,—exercising a discretion which was not invoked,—and decided the motion upon a ground not mentioned in the application or notice. Perhaps it might have been done so, but, if it had, its order would naturally have been different from the one it did make, and would have opened up the default, and fixed the rights of the parties as to further pleading. Another fact which to me argues against the theory that this judgment was vacated, under section 4939, Comp. Laws, on account of surprise, is the absence of a proposed an-

swer by Milliken, or an affidavit of merits. If he had made this application under said section 4939, he would ordinarily have asked, in connection therewith, to be made a party defendant, and allowed to answer, and the order of the court would have gone further than simply to vacate the judgment. I think the record shows almost conclusively that the motion was made and decided upon the ground named, and that to now treat the decision as one made upon and resting in the discretion of the court would not be to review the action which it did take, but to express our views upon what it might have done.

I concur in the views of the opinion as to the legal effect of plaintiff's affidavit to prove service of the summons. Plaintiff's affidavit was not made or offered to show that proper or any proof of service had been made and lost, and then to show the recitals or contents of such lost proof. No claim was or is made that there had ever been any other return or proof of service. This affidavit of plaintiff was the original and only evidence offered to the court to show that the summons had ever been served on King. Conceding that extraordinary and extremely exceptional circumstances might occur which would make such affidavit legal and adequate proof of service, notwithstanding that the statute says the proof shall be made by the party making the service, such evidence of service could never be used primarily, but only when its use as secondary evidence is justified by a satisfactory showing of its necessity. No such showing was attempted in this case. There was no intimation that Handlin, who was said to have served the summons, was not still in Deadwood, and perfectly available to make proof of what he did. Under such conditions, to allow the plaintiff himself to make the original and only proof of service, would be to ignore the express requirement of the statute, and that, too, without the pretense of an excuse for it. To hold that this judgment was not subject to be set aside on this ground must mean that, in the opinion of the court so holding, any plaintiff may, by his own affidavit in the first instance,

make proof of the service of his summons, and that upon the making of such affidavit the court may take and exercise jurisdiction over a defendant so said to have been served, and pronounce judgment against him. This, it seems to me, would be a palpable contempt of the statute. It is true that in the New York cases cited by Judge CORSON the court declined to hold a judgment void for want of jurisdiction because the summons was served by the plaintiff. We think, however, that courts generally have held that service of process by the plaintiff in the action does not give jurisdiction. See the following cases, some of them under statutes like ours, and others under the common-law rule, in some of which the New York cases referred to are expressly disapproved: Toenniges v. Drake, 7 Colo. 471, 4 Pac. 790; Morton v. Crane, 30 Mich. 526; Dyson v. Baker, 54 Miss. 24; Knott v. Jarboe, 1 Metc. (Ky.) 504; Filkins v. O'Sullivan, 79 Ill. 524; Boykin v. Edwards, 21 Ala. 261; Singletary v. Carter, 1 Bailey, 467. The same doctrine was recognized and enforced in Collsbitsch v. Ranibon (Iowa) 51 N. W. 48. The statute of that state provided that notice of the taking of a deposition might be served by any one qualified to serve original process in the case, and also, like ours, that process might be served by one not a party. The sheriff was a party, and the notice was served by a deputy sheriff. The court held such service futile, and suppressed the deposition. In Lockwood v. Adams, 11 Ohio, 398, the proof of the service of the notice under which a deposition was taken was the affidavit of a party. The court held the proof incompetent, and the deposition inadmissible. Where, as in this case, a judgment is taken on default, the proof of the service of the summons is as necessary and essential a part of the judgment roll as the summons itself. Section 5103, Comp. Laws. It therefore appeared on the face of the roll, as I think, that there was no legal proof that the summons had been served on defendant King, and therefore nothing to show the court that it had jurisdiction over him when it gave judgment against him. On

this fact being called to the attention of the court in any manner, the judgment should have been set aside.

It seems this respondent had, prior to the entry of the judgment, made a motion, which was then pending, to dismiss the action, for the reason, among others, "that there is no proper proof nor service of the so-called 'summons' and 'complaint,' or either of them." With this motion undecided, the plaintiff took his judgment by default. Respondent then made his motion to vacate such judgment, reciting in his motion the very same ground as in his former undecided motion, to-wit, no proof of service, and consequent want of jurisdiction in the court, with no intimation in any paper brought to our notice that he would rely at all upon surprise, or the circumstances under which the judgment was entered, for the relief he asked. This persistent adherence to this ground, with no suggestion of any other, assures me that that was the ground upon which the motion was made, and the ground upon which it was decided; and I think the decision on that ground was right. Whether upon proper proof of the service of the summons, the court might reinstate the judgment, is a question not before us.