McADAM, J.
The action was in trover for conversion; the defense a former recovery in bar. The proofs showed that the plaintiff bad brought suit for the same claim on contract, and recovered judgment by default for $78.50, out of which she had collected $fi. This action, was for the conversion of the same property, but the amount previously collected was credited on the value proved, allowed as a counterclaim, and judgment given for the balance, $33, with costs. From that determination this appeal is taken.
The former recovery, which has not been vacated or reversed, is a complete defense. The plaintiff had an election to sue on contract or in tort. She chose the former, and the election once made is irrevocable. Insurance Co. v. Lawrence, 14 Johns. 55; Conrow v. Little, 115 N. Y. 387; 26 St. Rep. 527; Terry v. Munger, 121 N. Y. 161; 30 St. Rep. 746; Crossman v. Universal Rubber Co., 127 N. Y. 34; 37 St. Rep. 230. The plaintiff seeks to avoid the effect of the judgment in the first action on the ground that it was void because recovered by default on a personal service of process not made by a city marshal or other person deputed by the justice. She claims that, having pleaded the judgments in bar, the defendant was bound to establish the facts conferring *86 jurisdiction. Code, § 532. This raises the question whether the service of the process by a person not shown by the record to have been authorized to make the service renders the judgment void of constitutes a mere irregularity which was waived by the failure of the defendant to take advantage of the objection. The Code (section 3208) provides that on an action brought in a district court of the city of New York, in the justice's court of the city of Albany, or in the justice’s court of the city of Troy,, the summons, and, in a proper case, a copy of the complaint, may be served by any person not a party to the action, except that where the action is brought in a district court .of the city of New York a person other than a constable or a marshal serving the same must be first empowered to do so by the justice. It is not prescribed how this authority is to be conferred, whether orally or in writing, and, so long as the person who makes the service is first authorized to do so by the justice, the service is legal. The justice having rendered judgment upon the proof of service made by a person other than a marshal, it must be presumed the jus dee gave the requisite authority, or otherwise we are required to presume that he illegally performed his duty, when the inference is that everything required to be done by him to make his acts legal was done. Mandeville v. Reynolds, 68 N. Y. 528, 534.
Another answer to the plaintiff’s contention is that the objection that the person who served the summons was not authorized to serve it cannot avail the plaintiff, or be taken advantage of by her because she procured the service herself She used it as a regular service, tried her suit, and took judgment against the defendant upon it, and collected a portion of the judgment. Even if the defendant could have taken advantage of it (and he could not except in the action itself), the plaintiff certainly cannot. It is a rule of law that no person can take advantage of his own wrong. He cannot show that a judgment which he has himself obtained is void because of fraud or want of jurisdiction over the person. Kinnier v. Kinnier, 45 N. Y. 542, 543, Draper v. Trescott, 29 Barb. 406, 407; Billington v. Wagoner, 33 N. Y. 34-36. Besides, the plaintiff, having collected a portion of the judgment, and thus taken a benefit under it, is estopped from objecting to, or even appealing from it. Carll v. Oakley, 97 N. Y. 633; Bennett v. Van Syckel, 18 id. 481; Radway v. Graham, 4 Abb. Pr. 468; Glackin v. Zeller, 52 Barb., at page 152. The justice before whom the suit was tried had jurisdiction of the subject-matter, and want of jurisdiction of the person might be waived. Whether the person who served the summons in this case was duly authorized or not is a question which the defendant alone can raise, and he made no objection,
It has been held that a judgment roll showing that snmmons was served by the plaintiff himself is not void, but simply irregular. Myers v. Overton, 2 Abb. Pr. 334; Hunter v. Lester, 18 How. Pr. 347. Where a judgment is merely irregular, no relieve can be had against the irregularity except in the action itself. Such a judgment cannot be attacked collaterally
*87 For these reasons the j augment appealed from must be reversed and asa new trial would not avail the plaintiff, there must be judgment absolute for the defendant, with costs.