[No. 3557.]

NELSON ET AL. v. CHITTENDEN ET AL.

1. SUMMONS—*Who May Serve.* The attorney of the plaintiff in the cause is not a qualified person to make service of the summons therein (Rev. Code Sec. 39).

2. EVIDENCE—*Presumptions—Identity of Person from Identity of Name.* The name Egbert More was subscribed to the complaint; the summons was served by E. More, and this same person subscribed the praecipe for a default, as attorney for plaintiff. Held, nothing appearing to the contrary, that it was to be presumed that the person who served the summons was the same person who appeared as attorney for the plaintiffs.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. PHILO B. TOLLES, Mr. THOMAS D. COBBEY, for appellants.

Mr. JOHN F. MAIL, for appellees.

CUNNINGHAM, Judge.

Appellants, plaintiffs below, bring their case to this court for review on appeal from a judgment of dismissal.

The correctness of the trial court's judgment turns upon a ruling admitting a judgment roll of the county court of Washington County. The judgment record in question discloses (a) that the summons and the complaint in the action were signed, "August Muntzing and

Egbert More, attorneys for plaintiffs;" (b) that E. More served the summons upon two of the defendants in said action in the county court, Peter and Andrew Nelson, being the plaintiffs in this action; (c) that E. More signed a præcipe for a default, as attorney for plaintiff.

It has been ruled by our supreme court in *Nelson et al. v. Chittenden et al.*, 53 Colo., 30, 123 Pac., 656-8, that the attorney for a plaintiff may not serve the summons in a cause. It will thus be seen that the controversy before us for our determination is reduced to the sole question: Should the trial court have assumed, there being no evidence to the contrary, that Egbert More, whose name was signed to the complaint and the summons as attorney for the plaintiffs, and E. More, as the name appeared on the præcipe for default, were one and the same person as the E. More whom the judgment record showed served the summons on behalf of the plaintiffs? Upon the authority of *Coon v. Rigden,* 4 Colo., 275, and *Falkins v. O'Sullivan,* 79 Ill., 524, this question must be answered in the affirmative, that is to say; the trial court should have presumed from the facts above stated, which appeared on the face of the judgment record or roll, that the Egbert More whose name appeared to the complaint and the E. More whose name appeared as attorney for the plaintiff to the præcipe for default, and the E. More who made the return of the service of the summons, were one and the same person. Hence the trial court committed reversible error in overruling plaintiff's objection to the introduction of the judgment roll, which constituted the sole evidence upon which the trial court dismissed the cause.

In *Coon v. Rigden, supra,* the supreme court based its ruling upon the fact that Coon was the sheriff (though this fact was not disclosed by the record), and therefore an officer of the court, and that courts take judicial notice of who their own officers are. From the fact that More was apparently practicing before the county court

of Washington county, it is fair to presume, in the absence of any evidence to the contrary, that he was a duly licensed attorney of that court, and therefore, as such, was an officer of the district court that rendered the decision in this cause, quite as much as the sheriff referred to in the Coon case was an officer of that court.

In *Falkins v. O'Sullivan, supra,* the court said:

"It appears that the writ was served, not by the sheriff or other officer, but by a person deputized by the sheriff, bearing the same name as one of the plaintiffs in the action, and nothing appearing to the contrary, this court will presume the person who served the summons was the party plaintiff, from identity of names."

It will be observed that in the Illinois case, the court does not base its presumption of identity on any official relationship that the party sustained to the court.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and Remanded.*